**Larry Hier RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–00406–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 23, 1992.
Rehearing Denied Aug. 20, 1992.

Gilbert A. Villarreal, Houston, for appellant.

John B. Holmes, Jr., Andrea F. Lopes, J.R. Buchanan, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and DUNN and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

Appellant was charged by indictment with, and pled guilty to, possession of a controlled substance, namely cocaine, in an amount weighing less than 28 grams. The court assessed punishment at 20 years confinement. We affirm.

In his first two points of error, appellant complains that the trial court erred "in entering its judgment of conviction" because there was no valid written waiver of the right to trial by jury and because there was no valid stipulation of evidence. Because these points are related, we consider them together.

Article 1.13 of the Texas Code of Criminal Procedure states in relevant part as follows:

The defendant in a criminal prosecution for any offense other than a capital felony case in which the State notifies the court and the defendant that it will seek the death penalty shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval of the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea.

TEX.CODE CRIM.PROC.ANN. art. 1.13(a) (Vernon 1991).

On March 27, 1987, in a comprehensive instrument entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," appellant waived his right to a jury trial personally, in writing, in open court, and with the consent and approval of the court and the attorney representing the State. The court's consent and approval were entered of record upon the court's minutes, and the consent and approval of the attorney representing the State were in writing, signed by him, and filed among the papers of the cause before appellant entered his plea. The court's docket sheet indicates that the court then recessed "so defendant may discuss with his attorney whether to continue or withdraw his plea of guilty." The court gave appellant until April 3, 1987, to decide.

On April 3, 1987, appellant failed to appear in court. His bond was forfeited. Years later, he was arrested on another controlled substance charge.

The court's docket sheet indicates that on April 16, 1991, appellant was arraigned in open court and plead not guilty. The docket sheet then indicates that on April 26, 1991, appellant again waived his right to a jury trial. According to the docket sheet, the new waiver also complied in full with the requirements of article 1.13(a). The statement of facts for April 26, 1991, supports the docket sheet's recitation of a valid waiver.

Both parties urge us to consider the docket sheet in support of their respective contentions. The State argues that the statement of facts for April 26, 1991, and the docket sheet for the same date are sufficient for us to find waiver. The State contends that this case is akin to *Foster v. State*, 661 S.W.2d 205 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd), where this

Court found waiver despite the fact that there was no written waiver in the record where both the judgment and the statement of facts reflected that a written waiver of the right to a jury trial had been executed. *Id.* at 209–11.

■ Appellant argues that, because the docket sheet entry for April 16, 1991, reflects that he pled not guilty, "the written waiver of jury executed on March 27, 1987 ... was, for all purposes, nullified." Appellant fails to explain why we should consider the April 16, 1991, docket sheet entry but ignore the one for April 26, 1991, which indicates that a new waiver was made in full compliance with article 1.13.

However, because it is unnecessary to our determination of this particular issue, we do not address the docket sheet issue here. We hold that, even considering the docket sheet entries, appellant's original waiver of a jury trial was never withdrawn or revoked.

In *Pitts v. State,* 731 S.W.2d 687 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd), we faced similar facts. There, in a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," the defendant waived his right to a jury trial and pled not guilty. *Id.* at 689. Approximately three months later, the defendant withdrew his plea of guilty and entered a plea of not guilty.[1] *Id.* The defendant argued on appeal that his conviction was void because there was no valid waiver. *Id.* at 689.

We disagreed, writing as follows:

At the hearing on June 20, 1986, appellant moved orally to be allowed to withdraw his guilty plea. When the court granted the motion, appellant then pleaded not guilty and announced ready for trial. Appellant did not request that any filed instrument be stricken, and there was no reason for the court to impliedly withdraw any more of the properly executed pleading than was necessary to be consistent with appellant's changed plea. Appellant's right under art. 1.13 "upon entering a plea, to waive the right of trial by jury," was properly exercised at

the time of his initial plea. To hold that appellant's later changed plea *per se* negated earlier filed instruments would unnecessarily require the repeated preparation and execution of portions of agreed or undisputed instruments. Appellant never expressed a desire to withdraw his jury waiver until appeal. The trial court correctly considered only those portions of appellant's waiver and stipulation instrument to be withdrawn that were inconsistent with appellant's new plea of not guilty.

*Id.* at 690.

We conclude likewise here. Even if we consider the April 16, 1991, docket sheet entry and ignore the April 26, 1991, entry, we must conclude that appellant's plea of not guilty on April 16 changed only his plea, *not* his waiver of a jury trial. Appellant did not request that his March 27, 1987, waiver instrument be stricken, and there was no reason for the trial court to consider any more of that instrument withdrawn than appellant's plea, which appellant (according to the April 16 entry) overtly changed. Any subsequent change of plea did not negate appellant's earlier waiver of trial by jury. The trial court only considered the *plea* to be withdrawn, not appellant's waiver of a jury trial. We agree with this reasoning, and therefore hold that, even considering the April 16 docket sheet entry (and ignoring the April 26 entry), appellant's March 27, 1987, waiver of jury trial was not withdrawn or revoked by any later change of plea.

■ Appellant also argues that there was no valid stipulation of evidence. He contends specifically that the March 27, 1987, stipulation of evidence was "effectively revoked by the trial court's refusal to accept [the] plea bargain which produced the waiver and stipulation."

The only indication before this Court that the trial court ever refused to accept a plea bargain is in the form of a docket sheet entry. We therefore now turn to the issue

---

1. Although the defendant later filed a new waiver after he was convicted, we considered the new waiver to be "of no legal consequence." *Pitts,* 731 S.W.2d at 690.

of whether we may look to the docket sheet as part of the record on appeal.

■ We hold that we may not do so. We agree with the Austin Court of Appeals that the docket sheet is not part of the record and that "[t]he record, not the docket entry, is the authoritative evidence upon which the parties must rely on appeal." *Bell v. State*, 734 S.W.2d 83, 83 (Tex. App.—Austin 1987, no pet.) (court refused to presume from docket sheet notation indicating that a complaint was filed that a complaint was actually filed). Aside from the docket sheet, there is nothing before us to suggest that the trial court ever refused to accept a plea bargain. We may not presume that this event occurred when the record does not reflect that it ever did.

We overrule points of error one and two.

■ In point of error three, appellant contends that the trial court erred in denying his motion to suppress evidence. As the movant in a motion to suppress evidence, appellant had the burden to produce evidence that defeats the presumption of proper police conduct and therefore shifts the burden of proof to the State. *Russell v. State*, 717 S.W.2d 7, 9 (Tex.Crim.App. 1986). A defendant meets his initial burden of proof by showing that a search or seizure occurred without a warrant. *Id.* Thus, the defendant must establish (1) that a search or seizure occurred, and (2) that no warrant was obtained, in order to shift the burden of proof to the State to produce evidence of a warrant. *Id.* at 9–10. If the State produces evidence of a warrant, the burden of proof shifts back to the defendant to show the invalidity of the warrant. *Id.* at 10. If the State cannot produce evidence of a warrant, then it must prove that the search or seizure was reasonable. *Id.*

Appellant had the initial burden of proving (1) that a search and seizure occurred, and (2) that they occurred without a warrant. *Id.* However, appellant produced no evidence *at all* to support his motion to suppress. Although appellant composed an affidavit, he never offered it into evidence. Nor did he request that the trial court take judicial notice of the affidavit or

his motion. There was no stipulation of evidence, and appellant called no witnesses at the hearing. He merely offered oral argument to support his motion.

Under these circumstances, we must conclude that appellant failed to meet his burden of proof. *See Id.* We therefore hold that the trial court did not err in denying appellant's motion to suppress.

We overrule point of error three.

■ In point of error four, appellant argues that the trial court erred in denying his motion to disclose the identity of the confidential informant. In *Anderson v. State*, 817 S.W.2d 69 (Tex.Crim.App.1991), the Court of Criminal Appeals reviewed the law on informer identity privilege. The court wrote as follows:

> Prior to the enactment of Texas Rule of Criminal Evidence 508, Texas courts did not recognize an independent State privilege and used *Rovario* and the Federal cases in interpreting the Texas privilege. It was well settled that disclosure was not required unless the informer: 1) participated in the offense; or 2) was present at the time of the offense or arrest; or 3) was otherwise shown to be a material witness to the transaction or as to whether the defendant knowingly committed the offense charged. However, Rule 508(c)(2) ... requires only that there be a reasonable probability that the informant can give testimony "necessary to a fair determination of the issues of guilt, innocence." Thus, because Rule 508 provisions are broader than that applicable under the prior law, the exception to the informer identity privilege is not restricted to the three categories listed above. We have held that a defendant is only required to make a plausible showing that the informer could give testimony necessary to a fair determination of guilt.

*Id.* at 71–72 (citations omitted).

In *Anderson*, the defendant made a "plausible showing" by producing a police officer's testimony that the informant was present when the drug delivery transaction was made. *Id.* at 72. The court therefore

held that the defendant was entitled to disclosure of the informant's identity. *Id.*

Appellant, however, is outside the bounds of *Anderson.* He made no showing at all. Although he again composed an affidavit, he never offered it into evidence. He did not ask the trial court to take judicial notice of the affidavit or his motion. There was no stipulation of evidence, and he called no witnesses. He merely presented oral argument on his motion.

We therefore conclude that appellant did not make a showing sufficient to mandate disclosure of the informant's identity. We overrule point of error four.

We affirm the judgment of the trial court.