**Larry Hier RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1330–92.

Court of Criminal Appeals of Texas, En Banc.

Nov. 25, 1992.

Rehearing Denied Jan. 13, 1993.

Gilbert A. Villarreal, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Andrea F. Lopes and J.R. Buchanan, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant pled guilty and was convicted of possession of cocaine in an amount less than twenty-eight grams. The trial court assessed punishment at confinement for twenty years. The conviction was affirmed. *Rodriguez v. State,* 834 S.W.2d 592 (Tex.App.—Houston [1st], 1992). In his petition for discretionary review, Appellant raises seven grounds, including two which allege the Court of Appeals erred in refusing to consider Appellant's motion to suppress and motion for disclosure of the informant, along with an attached affidavit, in evaluating whether Appellant met his burden of proof regarding a warrantless search and seizure.

The trial court held a hearing on Appellant's motion to suppress and motion to require disclosure of the identity of an informant. No witnesses were called at the hearing and no evidence was formally introduced. The trial court listened to the different versions of fact offered by the parties and denied the motions.

In the Court of Appeals Appellant claimed the trial court erred in overruling these motions. The Court of Appeals held Appellant did not meet his burden of proof because he did not offer anything except oral argument in support of the motions.

Appellant contends, and we agree, that Article 28.01, § 1(6), V.A.C.C.P., permits the trial court to determine the merits of the motions "on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the court." Therefore, the Court of Appeals should have considered his motions and the attached affidavit in determining whether Appellant met his burden of proof on his claims.

Grounds one and two of Appellant's petition are summarily granted and this cause is remanded to the Court of Appeals for proceedings not inconsistent with this opinion. The remaining grounds of Appellant's petition are refused without prejudice to refile after the Court of Appeals' disposition of the case.