**Larry Hier RODRIGUEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–91–00406–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 23, 1993.

Gilbert Villarreal, Houston, for appellant.

John B. Holmes, Jr., Andrea F. Lopes, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and HUTSON–DUNN and WILSON, JJ.

## OPINION ON REMAND FROM TEXAS COURT OF CRIMINAL APPEALS

OLIVER–PARROTT, Chief Justice.

Appellant was charged with possession of a controlled substance, namely cocaine, in an amount weighing less than 28 grams. He pled guilty, and the court assessed punishment at 20–years confinement.

This Court affirmed his conviction in *Rodriguez v. State,* 834 S.W.2d 592 (Tex.App.—Houston [1st Dist.], 1992). Appellant's points of error three and four, which we overruled, complained that the trial court erred in (1) denying his motion to suppress evidence, and (2) denying his motion to disclose the identity of a confidential informant. We held that appellant did not meet his burden of proof on either issue because he offered only oral argument, and no evidence, on his contentions in the trial court. *Id.* at 595, 596.

In an opinion on appellant's petition for discretionary review, the Court of Criminal Appeals held as follows:

> Article 28.01(6), V.A.C.C.P., permits the trial court to determine the merits of the motions "on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the court." Therefore, the Court of Appeals should have considered [appellant's] motions and the attached affidavit in determining whether appellant met his burden of proof on his claims.

*Rodriguez v. State,* 844 S.W.2d 744, 745 (Tex. Crim.App.1992). We therefore reexamine these two points of error, considering appellant's motions themselves and the affidavit.[1]

### Motion to Suppress

#### Burden of Proof

As the movant in a motion to suppress evidence, appellant had the burden to produce evidence that defeats the presumption of proper police conduct and therefore

---

1. The affidavit was not offered into evidence in the trial court.

shifts the burden of proof to the State. *Russell v. State*, 717 S.W.2d 7, 9 (Tex.Crim.App. 1986). A defendant meets his initial burden of proof by showing that a search or seizure occurred without a warrant. *Id.* Thus, the defendant must establish that (1) a search or seizure occurred, and (2) no warrant was obtained, in order to shift the burden of proof to the State to produce evidence of a warrant. *Id.* at 9–10. If the State produces evidence of a warrant, the burden of proof shifts back to the defendant to show the invalidity of the warrant. *Id.* at 10. If the State cannot produce evidence of a warrant, then it must prove that the search or seizure was reasonable. *Id.*

Appellant's motion sought to suppress the cocaine, any photographs thereof, and any testimony about its discovery. Appellant's affidavit actually presents both his version of his arrest *and* the State's version of the event. Both versions follow.

### Appellant's version

Appellant went to an apartment in order to sell cocaine to an unidentified man. The man's girlfriend or wife let him in the apartment and asked appellant if he had the cocaine. Appellant said he did, but that he wanted to get paid before handing over the cocaine. The woman then made a phone call and informed appellant that the unidentified man was on his way.

Immediately thereafter, the police came in "by opening the front door and rear door." They arrested appellant and began to search him. They "interrogated" appellant "without reading [him] any rights."

They then took appellant to a separate room and searched him again; neither search produced cocaine. They then searched appellant again, ordering him to "disrobe completely and remove [his] underwear." This search produced the cocaine.

Appellant never consented to a search. The police did not read him his rights before searching him or produce a warrant for his arrest. Appellant committed no crime in the officers' presence.

### State's version

According to appellant's affidavit, the police assert that appellant ran from the police in the apartment complex parking lot. He then ran into the lady's apartment, but the lady, instead of playing an active role in the event, was just an innocent bystander who happened to be home at the time appellant ran from the police. Appellant sought to dodge the police by hiding in her apartment. The police searched appellant upon apprehending him in the lady's apartment.

### Standard of Review

■ At a hearing on a motion to suppress, the trial court is "the sole and exclusive trier of fact and judge of the credibility of the witnesses as well as the weight to be given their testimony[.]" *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990). We do not engage in our own "factual review." *Id.*

### Resolution

■ The trial court, in considering appellant's affidavit, could have chosen to disbelieve the entire instrument. *See Romero*, 800 S.W.2d at 543. Alternatively, the court could have chosen to believe the State's version as related in appellant's affidavit. *See id.* Because the record offers some support for the court's decision to overrule appellant's motion to suppress, we cannot say the court abused its discretion in overruling it. *See id.*

We overrule point of error three.

### Motion to Disclose Identity of Confidential Informant

■ The exception to the informer identity privilege is no longer restricted to the three traditional instances where the informer either participated in the offense, was present at the time of the offense or the arrest, or was otherwise shown to be a material witness to the transaction or regarding whether the defendant knowingly committed the offense. *Anderson v. State*, 817 S.W.2d 69, 71 (Tex.Crim.App.1991). Rather, a defendant is now "only required to make a plausible showing that the informer could give testimony necessary to a fair determination of guilt." *Id.* at 72.

Here, appellant has made such a "plausible showing." Appellant asserts that the informant had to have been either the man who called him or the woman. Whether the confidential informant is the unidentified man or the lady in the apartment, the informant would certainly be able to give testimony that would be essential to a thorough adjudication at the guilt-innocence stage. This is particularly true if the informant is the lady in the apartment; "[w]henever it is shown that an informant was an eyewitness to an alleged offense then certainly that informant can in fact give testimony 'necessary to a fair determination of the issues of guilt, innocence.'" *Anderson,* 817 S.W.2d at 72 (quoting TEX.R.CRIM.EVID. 508(c)(2)).

We therefore hold that appellant, based solely on the affidavit, showed that the informant may be able to give testimony necessary to a fair determination at the guilt-innocence stage. The trial court erred "in failing to instruct the [State] to disclose such or to proceed with the procedures delineated in Rule 508(c)(2) in the event the State ... elected not to make such disclosure." *Anderson,* 817 S.W.2d at 72.

Appellant having made his "plausible showing," now, according to the dictates of rule 508(c)(2), the trial court shall give the State "an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply [ ] testimony" necessary to a fair determination of guilt or innocence. Then, if the court finds that there is a "reasonable probability" that the informant can give such testimony, and the State elects not to disclose his or her identity, the court "on motion of the defendant shall dismiss the charges to which the testimony would relate and the judge may do so on his own motion."

We sustain point of error four.[2]

We reverse the judgment of the trial court and remand the cause for proceedings consistent with this opinion. *See Anderson,* 817 S.W.2d at 73.

---

**2.** We are unable to conclude beyond a reasonable doubt that the error made no contribution to appellant's conviction. Appellant pled guilty, and we do not know what part the fact that the State had a confidential informant, the substance of whose potential testimony appellant could not have been aware, played in appellant's decision to so plead. Had appellant known the informant's identity, he at the least would have had some inkling of how the informant might testify, and this could have weighed very heavily in the decision of how to plead.