The **STATE** of Texas, Appellant,

v.

**Randy TAFT, Appellee.**

No. 13–94–434–CR.

Court of Appeals of Texas,
Corpus Christi.

June 27, 1996.

Rehearing Overruled Aug. 29, 1996.

Mark Skurka, Asst. Dist. Atty., Carlos Valdez, Dist. Atty., Corpus Christi, for Appellant.

Douglas Tinker, Terry Shamsie, Corpus Christi, for Appellee.

Before SEERDEN C.J., and FEDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

By one point of error the State appeals the trial court's order granting appellee's pretrial motion to suppress oral statements under evidence rule 403. TEX.R.CRIM. EVID. 403. We reverse and remand.

■ The code of criminal procedure permits the State to appeal from an interlocutory order which grants a motion to suppress evidence. TEX.CODE CRIM. PROC. ANN. art 44.01(a)(5)(Vernon Supp.1996). The code provides, in pertinent part, "The state is entitled to appeal an order of a court in a criminal case if the order: grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance to the case." *Id.* The statute, of relatively recent origin, was designed to prevent the outright release of defendants because of questionable legal rulings, often fatal to the State's case, excluding what may be legally admissible evidence. *Cf. State v. Kaiser,* 822 S.W.2d 697, 699–701 (Tex.App.—

Fort Worth 1991, pet. ref'd). Prior to the adoption of the statute, the State's only option, aside from attempting to reopen the issue with the trial court, was to try its case without the suppressed evidence, and in the event of an acquittal, the State would lose its case without ever having the trial court's suppression order reviewed, even if clearly erroneous. *See Montalvo v. State,* 846 S.W.2d 133, 138 (Tex.App.—Austin 1993, no pet.).

Appellee was charged with aggravated sexual assault. Appellee moved to suppress incriminating statements, allegedly made by him to police, in connection with his taking of a police administered polygraph examination. The trial court granted the motion based solely on rule 403 because it found the statements in question were tightly intertwined with the taking of the polygraph. The fact that a defendant took a polygraph or the results thereof is clearly inadmissible. *Tennard v. State,* 802 S.W.2d 678, 683–84 (Tex. Crim.App.1990). The evidence suppressed by the trial court was not the only evidence linking appellee to the offense. In fact, the State tried appellee once without the suppressed evidence and a mistrial resulted. This is not a drug case, where the granting of a pretrial motion to suppress allegedly illegally obtained evidence, consisting of the drugs which caused arrest, would result in the complete collapse of the State's case, absent the newly acquired possibility of appellate reversal. This is not a case where the trial court ruled as a matter of law that evidence was illegally obtained and therefore inadmissible. Thus, this is not the typical case for which the statute authorizing State appeals of pretrial orders suppressing evidence was designed.

■ In a single point of error, the State asserts that the trial court erred in excluding the evidence. Normally we review a trial court's evidentiary rulings under an abuse of discretion standard. *Richardson v. State,* 879 S.W.2d 874, 881 (Tex.Crim.App.1993). Analysis of the *Richardson* case reveals that the court's discretion is reviewed in light of the posture of the case at the time a party seeks to introduce the evidence. The *Rich-*

*ardson* case was an appeal of conviction wherein the defendant argued that the trial court abused its discretion by admitting certain photographs into evidence. We are confronted with a dissimilar situation, wherein the trial court excluded evidence, *under rule 403, before* the State sought to introduce it and *before* the trial court could properly evaluate all factors, in context, for or against admissibility. We hold that the trial court excluded the evidence too soon. *State v. Monroe,* 813 S.W.2d 701, 703 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd). We express *no opinion* on the potential admissibility of the statements in question, but find only that they were excluded prematurely under the circumstances of this case. The State's lone point of error is sustained.

The judgment of the trial court is reversed and the cause remanded.