**The STATE of Texas, Appellant,**

v.

**Randy Christian TAFT, Appellee.**

**No. 1467–96.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 7, 1998.

Terry Shamsie, Corpus Christi, for appellant.

Mark Skurka, Asst. Dist. Atty., Corpus Christi, Matthew Paul, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

The appellee was charged with aggravated sexual assault. His first trial ended in a mistrial because of a hung jury. Prior to retrial, the trial court granted the "Defendant's Motion to Suppress Oral Statements" on the ground that they were more prejudicial than probative. See Rule of Criminal Evidence

---

403. The State appealed the trial court's decision to the Court of Appeals, contending that the trial court erred in "excluding" the evidence of the appellee's statements.[1] The Court of Appeals reversed and remanded the cause, holding that the trial court:

> excluded evidence, under rule 403, before the State sought to introduce it and before the trial court could properly evaluate all factors, in context, for or against admissibility. We hold that the trial court excluded the evidence too soon. We express no opinion on the potential admissibility of the statements in question, but find only that they were excluded prematurely under the circumstances of this case.

*State v. Taft,* 926 S.W.2d 613, 615 (Tex. App.—Corpus Christi 1996) (emphasis and internal citations omitted). The State now argues that the Court of Appeals failed to consider the State's right to appeal an order to suppress evidence, confessions, or admissions pursuant to Code of Criminal Procedure Article 44.01(a)(5).[2] We granted the State's petition for discretionary review to determine whether Article 44.01(a) allows the State to appeal the trial court's exclusion of evidence.

■ This Court has recently held that the State cannot appeal a ruling by the trial court which excludes evidence. *State v. Roberts,* 940 S.W.2d 655 (Tex.Cr.App.1996). In *Roberts* we stated:

> Trial judges are entitled to control their dockets and dispense justice without undue interference from appellate bodies. To interpret art. 44.01 to permit the appeal of any pre-trial order that excluded evidence would greatly expand the number of pre-trial evidentiary rulings that could be appealed by the State to the detriment of an effective, just and speedy judicial system. We will not interpret art. 44.01(a)(5) in a way which unduly interferes with the authority of the trial judge.

For these reasons we hold the phrase "motion to suppress evidence" as used in art. 44.01(a)(5) is limited to motions which seek to suppress evidence on the basis that such evidence was illegally obtained.

*Roberts,* 940 S.W.2d at 660 (citations omitted). Therefore, Article 44.01(a)(5) does not authorize the State to appeal an order by the trial court which excludes evidence for reasons other than that the evidence was illegally obtained.

At a pre-trial hearing, the trial court granted the appellee's motion to "suppress" statements made by the appellee during a polygraph exam. The trial judge ruled that the evidence presented would be more prejudicial than probative, and therefore the evidence was excluded pursuant to Rule 403. Rule of Criminal Evidence 403 specifically states that, "[a]lthough relevant, evidence may be *excluded* ...." (Emphasis added.) Accordingly, the order granting the motion deals with evidence that was "excluded" because of its prejudicial nature, not evidence that was "suppressed" because it was illegally obtained. Therefore, the order is not appealable.

■ The Court of Appeals did not have jurisdiction to review the decision of the trial judge on the exclusion of the appellee's statement. When a court determines that it has no jurisdiction to decide the merits of an appeal, the appropriate action is to dismiss. *Mendez v. State,* 914 S.W.2d 579, 580 (Tex. Cr.App.1996). Therefore, the judgment of the Court of Appeals is vacated and the case is remanded to the Court of Appeals with instructions to dismiss this appeal for want of jurisdiction.

---

1. The State argues that the Court of Appeals abrogated the State's right of appeal by failing to decide whether the statements were admissible.

2. Article 44.01(a) states, in pertinent part:
   The state is entitled to appeal an order of a court in a criminal case if the order:

(5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.