NO. 07-03-0013-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JULY 1, 2003


______________________________



OSCAR BALDERAS
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A13518-9909; HON. JACK R. MILLER, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Oscar Balderas (appellant) filed a hand written document which we construed to be
a notice of appeal from his confinement in a restitution center as a condition of his
probation. The clerk's record was filed on January 30, 2003. The reporter's record was
filed on March 7, 2003. Thus, appellant's brief was due on April 7, 2003. However, one
was not filed on that date. By letter dated April 16, 2003, we notified appellant of the
expired deadline and directed him to respond to our notification of same by April 28, 2003,
or the appeal would be abated to the trial court pursuant to Tex. R. App. P. 38.8. April 28,
2003, passed without appellant submitting any response to our notice.

 Consequently, we abated this appeal and remanded the cause to the 64th District
Court of Hale County (trial court) and directed that it conduct a hearing to assess, among
other things, whether appellant desired to prosecute the appeal. At that hearing,
appellant informed the trial court that he no longer did. Furthermore, appellant's
representations were contained in a supplemental clerk's record which was filed on June
24, 2003. 

 Although we have no motion to dismiss before us as required by Texas Rule of
Appellate Procedure 42.2(a), Rule 2 of the same rules permits us to suspend the operation
of an existing rule. Tex. R. App. P. 2; see Rodriguez v. State, 970 S.W.2d 133, 135 (Tex.
App.--Amarillo 1998, pet. ref'd). Therefore, pursuant to Rule 2, and because appellant has
clearly revealed his desire to forego appeal, we suspend Rule 42.2(a) and dismiss the
appeal based upon appellant's representation to the trial court.

 Having so dismissed the appeal, no motion for rehearing will be entertained, and
our mandate will issue forthwith. (2)

 Brian Quinn 

 Justice


 

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. On June 2, 2003, the State filed a motion to dismiss appellant's appeal based on missed deadlines
and the lack of this court's jurisdiction over the appeal. Based on the disposition of the appeal, the State's
motion is now moot.



o, 918 S.W.2d at 523 (quoting Ex
parte Caldwell, 383 S.W.2d 587, 589 (Tex.Crim.App. 1964). If an appellate court
determines that it has no jurisdiction to decide the merits of an appeal, the appropriate
action is to dismiss. See State v. Taft, 958 S.W.2d 842, 843 (Tex.Crim.App. 1998). 


ANALYSIS

 Ordinarily, an order modifying probation is not subject to appeal. See Basaldua v.
State, 558 S.W.2d 2, 5 (Tex.Crim.App.1977). Case law has allowed complaints about a
modification order on appeal only when violation of the modified order forms the basis of
a subsequent revocation. See Elizondo v. State, 966 S.W.2d 671, 672 (Tex.App.-San
Antonio 1998, no pet.). Under Rules of Appellate Procedure 25.2 and 26.2, (1) a defendant's
appeal from a judgment or other appealable order is perfected by filing a notice of appeal
within 30 days after the date sentence is imposed or suspended in open court, or after the
day the trial court enters an appealable order. Because this is an appeal from a
modification of the conditions of probation, and not from a revocation of probation, we find
that the order is not appealable and we have no jurisdiction.

CONCLUSION

 Determining that we have no jurisdiction to entertain appellant's appeal, we dismiss
for want of jurisdiction.


 Mackey K. Hancock

 Justice



1. The Rules of Appellate Procedure do not establish jurisdiction of courts of appeals,
but, rather, the Rules provide procedures which must be followed in order to invoke
jurisdiction over a particular appeal. See Olivo, 918 S.W.2d at 523.