# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00590-CR

**The State of Texas, Appellant**

**v.**

**Robert Edward Miller, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY
## NO. 599,258, HONORABLE DAVID CRAIN, JUDGE PRESIDING

## O P I N I O N

The State seeks to appeal the county court at law's order granting appellee Robert Edward Miller's pretrial motion to suppress evidence. Because we conclude that we do not have jurisdiction to consider the State's appeal, we will dismiss it.

The State filed an information accusing Miller of driving while intoxicated. Tex. Pen. Code Ann. § 49.04 (West 2003). Miller filed a motion to suppress all evidence of his intoxication alleging, among other things, that the evidence was obtained in violation of the constitutions and laws of the United States and Texas. *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp. 2003). The court scheduled a pretrial hearing to consider the motion.[1] When the case was called, Miller announced ready. The State announced that it was not ready and requested a continuance.

---

[1] We infer from the comments of the parties below that this was the third setting, Miller and the State having each been previously granted a continuance.

The State explained that the arresting officer had on the previous day faxed a letter to the prosecutor stating that he would not appear, despite being served with a subpoena, because he would be "in class . . . for training." The court overruled the State's motion for continuance. The events giving rise to this appeal then followed:

> MR. KINARD [defense counsel]: We would ask now that the motion to suppress be held on the motions themselves, as the case law grants authority for.[**2**]
>
> MR. SWAIM [prosecutor]: If Your Honor is going to rule on the motion in the Court file, we also ask you to take notice of the Probable Cause Affidavit that's in there, and has been ruled on by a magistrate, and ask that you deny his motion.
>
> THE COURT: I'll grant the motion to suppress based on the lack of testimony of the live witness, the arresting officer.

The State may appeal an order that "grants a motion to suppress evidence." Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2003). This statute has been interpreted narrowly. Stating that "[t]rial judges are entitled to control their dockets and dispense justice without undue interference from appellate bodies," the court of criminal appeals held that article 44.01(a)(5) does not permit the State to appeal "any pretrial order that exclude[s] evidence." *State v. Roberts*, 940 S.W.2d 655, 660 (Tex. Crim. App. 1996) (appeal of order excluding evidence as hearsay). Instead, "the phrase 'motion to suppress evidence' as used in art. 44.01(a)(5) is limited to motions which seek to suppress evidence on the basis that such evidence was illegally obtained." *Id.* Citing *Roberts*, the court later held, "Article 44.01(a)(5) does not authorize the State to appeal an order by

---

**2** *See Bishop v. State*, 85 S.W.3d 819, 822 (Tex. Crim. App. 2002); *Rodriguez v. State*, 844 S.W.2d 744, 745 (Tex. Crim. App. 1992); Tex. Code Crim. Proc. Ann. art. 28.01, § 1(6) (West 1989).

the trial court which excludes evidence for reasons other than that the evidence was illegally obtained." *State v. Taft*, 958 S.W.2d 842, 843 (Tex. Crim. App. 1998) (appeal of order excluding evidence as unfairly prejudicial).

*Roberts* and *Taft* make it clear that article 44.01(a)(5) allows the State to appeal, and correspondingly allows appellate courts to decide, only the question of whether evidence ordered suppressed was lawfully or unlawfully obtained. Although Miller's motion to suppress asserted that the evidence had been unlawfully obtained, the trial court did not address the merits of that assertion and did not grant the motion for that reason. Reflecting this, the issue presented in the State's brief is: "When a court grants a hearing on a pretrial motion to suppress, does the court err in suppressing the State's evidence 'based on the lack of live testimony,' without considering other, competent evidence authorized under Art. 28.01 § 1(6) and proffered to meet the State's burden of establishing lawfulness?" This is not an issue article 44.01(a)(5) permits the State to raise on appeal, or this Court to decide.

The appeal is dismissed.

 

 

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Dismissed

Filed: July 11, 2003

Publish

3