NO. 07-06-0057-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 17, 2006

_____

THADDEUS ALLAN DUKE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 51197-C; HONORABLE PATRICK PIRTLE, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Thaddeus Allan Duke, appeals from a Supplemental Order Amending Conditions of Probation.  We dismiss for want of jurisdiction.

BACKGROUND

On January 25, 2006, the trial court amended appellant's community supervision to add, as a condition of his community supervision, that appellant participate in a Sex Offender program.  On February 16, 2006, appellant filed notice of appeal, seeking our

review of the trial court's modification of his community supervision. This court, considering its jurisdiction, abated further proceedings and allowed the parties to present any other considerations as to why this court had jurisdiction to consider this matter. Neither appellant nor the State filed any additional briefs.

## LAW

A threshold question in any case is whether the court has jurisdiction over the pending controversy. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996) overruled on other grounds, State v. Medrano, 67 S.W.3d 982 (Tex.Crim.App.2002). A court has jurisdiction to determine whether it has jurisdiction. Id. at 657; Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996). Courts will address the question of jurisdiction *sua sponte*. Roberts, 940 S.W.2d at 657. For unless a court has jurisdiction over a matter, its actions in the matter are without validity. Id. at 657 n.2. Jurisdiction is the power of the court over the subject matter of the case, conveyed by statute or constitutional provision. Id.

If the jurisdiction of a court of appeals is not properly invoked, the power of the appellate court to act is as absent as if it did not exist, Olivo, 918 S.W.2d at 523 (quoting Ex parte Caldwell, 383 S.W.2d 587, 589 (Tex.Crim.App. 1964). If an appellate court determines that it has no jurisdiction to decide the merits of an appeal, the appropriate action is to dismiss. See State v. Taft, 958 S.W.2d 842, 843 (Tex.Crim.App. 1998).

ANALYSIS

Ordinarily, an order modifying probation is not subject to appeal. See Basaldua v. State, 558 S.W.2d 2, 5 (Tex.Crim.App.1977). Case law has allowed complaints about a modification order on appeal only when violation of the modified order forms the basis of a subsequent revocation. See Elizondo v. State, 966 S.W.2d 671, 672 (Tex.App.–San Antonio 1998, no pet.). Under Rules of Appellate Procedure 25.2 and 26.2,[1] a defendant's appeal from a judgment or other appealable order is perfected by filing a notice of appeal within 30 days after the date sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. Because this is an appeal from a modification of the conditions of probation, and not from a revocation of probation, we find that the order is not appealable and we have no jurisdiction.

CONCLUSION

Determining that we have no jurisdiction to entertain appellant's appeal, we dismiss for want of jurisdiction.


Mackey K. Hancock
Justice

---

[1] The Rules of Appellate Procedure do not establish jurisdiction of courts of appeals, but, rather, the Rules provide procedures which must be followed in order to invoke jurisdiction over a particular appeal. See Olivo, 918 S.W.2d at 523.