Affirmed and Memorandum Opinion filed April 12, 2007








Affirmed and Memorandum Opinion filed April 12, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00157-CR

____________

 

WALTER SMITH KENEALLY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 14

Harris  County, Texas

Trial Court Cause No. 1325133

 



 

M E M O R A N D U M   O P I N I O N








Appellant, Walter Smith Keneally, was charged by
information with driving while intoxicated.  He filed a motion to suppress
evidence that the trial court denied.  Appellant then pleaded guilty and
received a sentence of three days= confinement and a
$1,000 fine.  On appeal, appellant=s first two issues
argue that the State failed to meet its burden on the motion to suppress
because it did not offer affidavits at the hearing.  In his third and fourth
issues, he argues that even if the affidavits were properly considered by the
court, they were insufficient because they were dated after they were already
on file with the court.  In his fifth and sixth issues, he complains that the
affidavit of the officer who initially made the traffic stop does not give
sufficient detail to show a Areasonable suspicion.@  Because we find
each of these arguments without merit, we affirm the judgment of the trial
court. 

Factual and Procedural Background

Just after midnight on the morning of August 31, 2005, a
police officer saw appellant run a red light at the intersection of Capitol and
Avenida de las Americas.  The officer saw signs that appellant had been
drinking, and arranged for an officer trained and certified in field sobriety
tests to meet him at the scene.  After the second officer administered several
sobriety tests, appellant was arrested for suspicion of driving while
intoxicated.  

Appellant=s attorney filed a motion to suppress
evidence, and the motion was heard on affidavits, as allowed under Code of
Criminal Procedure article 28.01, section 1(6).  Though the motion was to be
decided on affidavits, the trial court allowed oral argument as well.  At the oral
argument, no evidence was offered.  The attorney for the State merely
summarized for the court the information contained in the affidavits. 
Appellant then  presented to the trial court the same arguments he presents
here.  A separate hearing was conducted the next month, in which the trial
court interviewed the assistant district attorney and the clerk of the court,
and determined on the record that the discrepancy in the dates on the
affidavits was a typographical error.  He further held that the affidavits did
not need to be offered at the first hearing to be properly considered by the
trial court, since they were on file with the court.  The trial court
ultimately denied the motion to suppress.  The appellant subsequently pleaded
guilty and was sentenced  by the court.  

Analysis

I.        Burden
of Proof and Standard of Review








To suppress evidence due to violation of the Fourth
Amendment, the defendant has the burden to produce evidence that rebuts a
presumption of proper police conduct.  Ford v. State, 158 S.W.3d 488,
492 (Tex. Crim. App. 2005).  This burden is satisfied by showing that a search
or seizure occurred without a warrant.  Id.  This shifts the burden to
the State to establish that the search or seizure was conducted pursuant to a
warrant or was reasonable.  Id.  

We review a trial court's ruling on a motion to suppress
under a bifurcated standard of review. Carmouche v. State, 10 S.W.3d
323, 327 (Tex. Crim. App. 2000). We defer to the trial court's determination of
facts supported by the record, especially when the fact findings are based on
an evaluation of credibility and demeanor. Id.  When the trial court
does not make explicit findings of fact, we review the evidence in the light
most favorable to the trial court=s ruling and
presume the trial court made the findings supported by the record that support
its conclusion. Id. at 327B28. We review de
novo the trial court's application of law to those facts. Id. at 327.

II.       Affidavits
Need Not Be Offered at Hearing on Motion to Suppress

Appellant=s first argument is that the State did not
meet its burden at the hearing because the State did not offer any affidavits
into evidence.  Rather, the State relied on affidavits that had been filed
previously with the court, and merely summarized their contents for the court
at the hearing.  Appellant claims that the failure to offer affidavits at the
hearing means that no evidence was before the trial court upon which it could
have found that the State met its burden.  

The Code of Criminal Procedure provides that a pretrial
hearing may be conducted in criminal cases for purposes of deciding motions to
suppress.  Tex. Code Crim. Proc.
art. 28.01, ' 1(6).  When such a hearing is granted, Athe court may
determine the merits of said motion on the motions themselves, or upon opposing
affidavits, or upon oral testimony, subject to the discretion of the court.@  Id.  








Appellant=s argument that evidence must be
introduced at the hearing is against established law.  In Rodriguez v. State,
the Court of Criminal Appeals was faced with this very question.  844 S.W.2d
744 (Tex. Crim. App. 1992) (per curiam).  In the trial court, affidavits had
been attached to the appellant=s motion, but no witnesses were called and
no evidence formally introduced at the hearing.  Id. at 745.  The trial
court overruled the motion, but the court of appeals held that the trial court
erred, since nothing but oral argument was presented in support of the
motions.  Id.  The Court of Criminal Appeals noted that the statute
clearly allows the trial court to consider the affidavits attached to the
motions, though they were not offered at the hearing.  See id.  Therefore,
the court of appeals should have considered the affidavits in determining
whether the appellant met his burden of proof on his claims.  Id.  

The Rodriguez opinion stands for the proposition
that even though no affidavits are submitted at a hearing on a motion to
suppress, the affidavits are still before the court for purposes of deciding
whether to grant or deny the motion.  Therefore, appellant=s first and second
issues must be overruled.  

III.      No Abuse
of Discretion To Consider Affidavit

Appellant=s third and fourth issues contend that the
trial court erred in considering the affidavits of the police officers in
deciding the motion.  The affidavits were each dated December 14, 2005, but
were each file stamped by the court clerk December 13, 2005.  Appellant
complains that the affidavits were, therefore, improperly sworn and
insufficient under article 28.01.  Furthermore, he complains that no one was
provided by the State to explain the deficiency.  

In Green v. State, the Court of Criminal Appeals
considered a similar issue, when a warrant was dated more than three days after
its supporting affidavit.  799 S.W.2d 756 (Tex. Crim. App. 1990).  If a warrant
was executed more than three days after the facts supporting it were sworn to,
the warrant would be void.  Id. at 758.  According to the Green court=s opinion, if
testimony or other evidence shows that the discrepancy is technical or a
clerical error, then the court may constructively change the date of an
affidavit, so that the effectiveness of a warrant will not be destroyed.  See
id. at 761.  Here, the date of the affidavit would be constructively
changed so that the affidavit itself can be considered effective.  However, we
do not think this difference justifies not following Green.








The trial court heard evidence from the court clerk to the
effect that the court clerk=s stamp indicates the actual day the
affidavits were filed, and that the clerk=s office would not
have allowed them to be filed had they not been previously sworn.  The
assistant district attorney testified that the affidavits were notarized before
they were filed, and were filed with the court on the fourteenth.  Without
deciding which date was correct, the court found that the discrepancy in dates
was due to a typographical error.  As this is a determination that depends in
part on the credibility of the witnesses, we give great deference to the trial
court=s determination. 
Given that both the assistant district attorney and the clerk of the court
testified that the affidavits were notarized before they were filed, the court
had ample evidence to make the decision he did.  Therefore, there was no abuse
of discretion, and appellant=s third and fourth issues are overruled. 

IV.      Facts
Shown in Affidavit Are Sufficient 

Appellant=s final argument is that the affidavit of
the officer who made the traffic stop did not show specific articulable facts
sufficient to show a reasonable suspicion.  The officer=s affidavit states
that he Aobserved a grey
Chevy Tahoe run a red light at Capitol and Avenida de las Americas.@  Appellant
complains that the affidavit does not reflect whether the light was an official
traffic control signal, whether the light was a steady red light or flashing,
whether there was a marked stop line at the intersection, whether the vehicle
came to a stop before proceeding, what road the vehicle was traveling before
approaching the intersection, whether the vehicle made a right or left turn at
the intersection, or whether there was a sign that made that turn
impermissible.








To show a reasonable suspicion an officer must have
specific, articulable facts that, when combined with the rational inferences
from those facts, would lead him to reasonably suspect that a particular person
actually is, has been, or soon will be engaged in criminal activity.  Garcia
v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).  The basis of
appellant=s complaint is Ford v. State.  158 S.W.3d 488
(Tex. Crim. App. 2005).  In Ford, an officer testified at a hearing on a
motion to suppress that he had pulled over the defendant=s car because it
was Afollowing too
close.@  The trial court
denied the motion to suppress and the court of appeals affirmed.  The Court of
Criminal Appeals, however, held that specific articulable facts were needed to
give the trial court the means to assess whether the officer=s opinion was
objectively reasonable, and that the officer=s testimony was
insufficient in that regard.  Id. at 493.

Courts must be provided with specific, articulable facts
because allowing an officer=s opinion to suffice in place of facts
destroys the protection provided by the review of a detached and neutral
judge.  See id.  In this case, the reason for the traffic stop was
failure to stop at a red traffic light.  See Tex. Transp. Code ' 544.007.  The
officer testified that appellant=s vehicle ran a
red light.  Running a red light is commonly understood to mean passing through
an intersection without stopping for a red light.  The fact that the officer
testified using the word Arun@ rather than the
language from the statute does not change the fact that he testified to the
discrete fact that the vehicle passed through an intersection without stopping
when the traffic light was red.  The testimony was not in the nature of an
opinion, as is the case where officers testify that a defendant was driving
recklessly or following too closely.  See Ford, 158 S.W.3d at 493
(describing the danger to be avoided as A[a]llowing a
police officer=s opinion to suffice in specific facts= stead@); Myers v.
State, 203 S.W.3d 873, 881 (Tex. App.CEastland 2006,
pet. ref=d) (holding that
an officer=s testimony that an inspection sticker was expired
satisfied requirements of Ford because the statement was based on only
one objective criterion).  The officer testified to a single fact, which just
so happened to constitute an offense under the Transportation Code.  Therefore,
the trial court did not run afoul of Ford in deciding that the officer=s testimony did
provide specific and articulable facts.








Further, the facts that appellant says are not reflected by
the officer=s affidavit are largely immaterial to whether the
offense was committed.  The only fact in appellant=s list germane to
whether an offense occurred is whether the vehicle came to a stop before
proceeding.  As discussed above, we believe the officer directly testified to
this, although he did not do so in the language of the statute.  All the other
facts that appellant asserts are lacking would merely describe the
circumstances under which the offense occurred.  None of them are required to
describe the offense of failure to stop at a red light. 

 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed April 12, 2007.

Panel consists of
Chief Justice Hedges and Justices Fowler and Edelman.

Do Not Publish C Tex. R. App. P. 47.2(b).