NO. 07-07-0487-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 16, 2008
_____

ROOSEVELT ALLEN, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 07-00816; HONORABLE LARRY GIST, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Roosevelt Allen Jr., acting *pro se*, filed a document with this court on December 3, 2007, entitled "Petition for Acquittal and Arrest of Judgment Review." Finding reason to doubt our jurisdiction over the matters addressed in appellant's "petition," we requested by letter dated December 11 that he file any documents considered necessary for the court to determine our jurisdiction.[1]

---

[1] The right to appeal is conferred by the legislature and a party may appeal only that which the legislature has authorized. *Galitz v. State,* 617 S.W.2d 949, 951 (Tex.Crim.App. 1981). Unless a court has jurisdiction over a matter, its actions in the matter are without validity. *State v. Roberts,* 940 S.W.2d 655, 657, fn. 2 (Tex.Crim.App. 1996) *overruled on*

On December 13, 2007, appellant filed a document entitled "Anders' Brief for Appellant" in which he references his petition filed on December 3.[2] As we read his documents, appellant raises issues in connection with his conviction and sentencing in a district court of Jefferson County. The documents reference cause number 07-00816 in the Criminal District Court of Jefferson County, and recite that appellant appealed from the judgment to the Ninth Court of Appeals in October 2007.

On December 27, 2007, we received appellant's response to our December 11 letter. In support of this court's jurisdiction, appellant provides a copy of the memorandum opinion of the Ninth Court of Appeals, issued November 28, 2007, dismissing his appeal pursuant to Texas Rule of Appellate Procedure 25.2(d). He contends the dismissal demonstrates he has been subjected to abused discretion, and raises a complaint about the form of the Ninth Court's memorandum opinion.

This court's appellate jurisdiction generally is limited to cases appealed from trial courts in our court of appeals district. Tex. Gov't Code Ann. § 22.201 (Vernon 2004).[3] We

---

*other grounds, State v. Medrano,* 67 S.W.3d 892 (Tex.Crim.App. 2002). A court has jurisdiction to determine whether it has jurisdiction and will address the question of jurisdiction *sua sponte. Roberts,* 940 S.W.2d at 657; *Olivo v. State,* 918 S.W.2d 519, 523 (Tex.Crim.App. 1996).

[2] Contrary to the purpose of an *Anders* brief, appellant's brief sets forth various points of error he believes have merit. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3] To any extent that appellant's pleadings could be read as initiating an original appellate proceeding seeking extraordinary relief, Tex. R. App. P. 52, we note that our mandamus and other writ authority also is limited. Tex. Gov't Code Ann. 22.221 (Vernon 2004).

see no basis for jurisdiction over appeal of appellant's Jefferson County conviction, and nothing in the documents appellant has filed demonstrates we otherwise have authority to grant any relief he seeks. *See Olivo v. State,* 918 S.W.2d 519, 522-23 (Tex.Crim.App. 1996) (listing Government Code § 22.201 among examples of laws that establish jurisdiction of courts of appeals). Appellant's December 3 petition refers to Rule 17.1 of the Texas Rules of Appellate Procedure, which concerns instances in which a court of appeals is unable to take immediate action, and Rule 17.2, providing for action by "the nearest court of appeals that is able to take immediate action." Tex. R. App. P. 17.1, 17.2. Appellant appears to contend that the rule has application here. Based on the statements in appellant's petition, we disagree that Rule 17 of the appellate rules has application in the circumstances described. In addition, appellant provides no explanation how, given the great distance between Beaumont and Amarillo, this court could be considered the nearest available court of appeals.

Finding we lack jurisdiction to address appellant's pleadings, we dismiss his attempted appeal.[4]

James T. Campbell
Justice

Do not publish.

---

[4] When a court determines, as we have here, that it has no jurisdiction to decide the merits of an appeal, the appropriate action is to dismiss. *State v. Taft,* 958 S.W.2d 842, 843 (Tex.Crim.App. 1998) (*citing Mendez v. State,* 914 S.W.2d 579, 580 (Tex.Crim.App. 1996)).

3