NO. 07-07-0496-CR
07-07-0497-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 22, 2008
_____

VICTOR TYRONE APLON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 87672, 88596; HONORABLE JOHN STEVENS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Victor T. Aplon, acting *pro se*, filed a document with this Court on December 17, 2007, entitled "Petition for Acquittal and Arrest of Judgment." Finding reason to doubt our jurisdiction over the matters addressed in appellant's "petition," we requested by letter dated December 21 that he file any documents considered necessary for the Court to determine our jurisdiction.[1]

_____

[1] The right to appeal is conferred by the legislature and a party may appeal only that which the legislature has authorized. *Galitz v. State,* 617 S.W.2d 949, 951 (Tex.Crim.App. 1981). Unless a court has jurisdiction over a matter, its actions in the matter are without

On January 10, 2008, in response to our letter, appellant filed a document entitled "Determination of Jurisdiction Petition" in which he references various appellate rules that he contends confer jurisdiction on this Court. As we read his documents, appellant raises issues in connection with his convictions and resulting sentences in a district court of Jefferson County. The documents reference two causes in the Criminal District Court of Jefferson County, and recite that appellant appealed from the judgments to the Ninth Court of Appeals.

In support of this Court's jurisdiction, appellant quotes several of the Texas Rules of Appellate Procedure. Those Rules establish procedures, not the jurisdiction of the appellate courts. *Bayless v. State*, 91 S.W.3d 801, 805 (Tex.Crim.App. 2002). This court's appellate jurisdiction generally is limited to cases appealed from trial courts in our court of appeals district, which does not include Jefferson County. Tex. Gov't Code Ann. § 22.201 (Vernon 2004).[2] We see no basis for jurisdiction over appeal of appellant's Jefferson County convictions, and nothing in the documents appellant has filed demonstrates we otherwise have authority to grant any relief he seeks. *See Olivo v. State,* 918 S.W.2d 519,

---

validity. *State v. Roberts,* 940 S.W.2d 655, 657, fn. 2 (Tex.Crim.App. 1996) *overruled on other grounds, State v. Medrano,* 67 S.W.3d 892 (Tex.Crim.App. 2002). A court has jurisdiction to determine whether it has jurisdiction and will address the question of jurisdiction *sua sponte. Roberts,* 940 S.W.2d at 657; *Olivo v. State,* 918 S.W.2d 519, 523 (Tex.Crim.App. 1996).

[2] To any extent that appellant's pleadings could be read as initiating an original appellate proceeding seeking extraordinary relief, Tex. R. App. P. 52, we note that our mandamus and other writ authority also is limited. Tex. Gov't Code Ann. § 22.221 (Vernon 2004).

522-23 (Tex.Crim.App. 1996) (listing Government Code § 22.201 among examples of laws that establish jurisdiction of courts of appeals).

Appellant's documents indirectly refer to Rule 17.1 of the Rules of Appellate Procedure, which concerns instances in which a court of appeals is unable to take immediate action, and directly refer to Rule 17.2, which provides for action by "the nearest court of appeals that is able to take immediate action." Tex. R. App. P. 17.1, 17.2. Appellant appears to contend that the rule applies here. Appellant's petitions discuss actions taken by the Ninth Court of Appeals, which demonstrates conclusively that Rule 17 of the appellate rules has no application here.[3]

Appellant mentions in his response to our December 21 letter that the Ninth Court of Appeals "has sent other cases" to this Court. That is true, but cases are transferred to this Court from other courts of appeals pursuant to statute and by order of the Supreme Court of Texas, not by action of the appellant. Tex. Gov't Code Ann. § 22.220 (Vernon 2004); Tex. Gov't Code Ann. § 73.001 (Vernon 2005). We take judicial notice that appellant's appeals from his Jefferson County convictions mentioned in his documents have not been transferred to this Court.

---

[3] In addition, appellant provides no explanation how, given the great distance between Beaumont and Amarillo, this Court could be considered the nearest available court of appeals.

Finding we lack jurisdiction to address appellant's pleadings, we dismiss his attempted appeals.[4]



James T. Campbell
Justice



Do not publish.

---

[4] When a court determines, as we have here, that it has no jurisdiction to decide the merits of an appeal, the appropriate action is to dismiss. *State v. Taft,* 958 S.W.2d 842, 843 (Tex.Crim.App. 1998) (*citing Mendez v. State,* 914 S.W.2d 579, 580 (Tex.Crim.App. 1996)).