Affirmed
and Memorandum Opinion filed September 10, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00513-CR

____________

 

ALCIDES MELENDEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 1117153

 



 

M E M O R A N D U M   O P I N I O N

Appellant Alcides Melendez pleaded guilty
to aggravated sexual assault of a child without an agreed recommendation on
punishment.  After a pre-sentence investigation was completed, the trial court
sentenced Melendez to twenty years= confinement in
the Institutional Division of the Texas Department of Criminal Justice. 
Subsequently, Melendez retained new counsel and filed a motion for new trial in
which he alleged that his trial counsel was ineffective.  In a single issue,
Melendez contends that the trial court erred by not conducting a hearing on his
motion for new trial.  We affirm.








I

In September 2007, Melendez was indicted
for the felony offense of aggravated sexual assault of a child under fourteen. 
He pleaded guilty to the offense on December 20, 2007, without an agreed
recommendation on punishment.  After admonishing Melendez , the trial court
accepted his guilty plea and continued the proceedings so a pre-sentence
investigation could be conducted.  On March 10, 2008, the trial court sentenced
Melendez to twenty years= confinement in the Institutional Division
of the Texas Department of Criminal Justice.  

Melendez retained new counsel and filed a
motion for new trial and in arrest of judgment on April 9, 2008, alleging that
(1) his guilty plea was not entered knowingly and intelligently, (2) his trial
counsel rendered ineffective assistance of counsel and failed to investigate
the law and facts of his case, and (3) he was incompetent at the time of the
entry of his guilty plea due to mental disease or defect.  The motion was
timely filed and supported by Melendez=s brother=s and sister=s sworn
affidavits.[1]


Apparently, Melendez=s new counsel did
not request a hearing and failed to attach proposed orders to the motion.  The
trial court=s docket sheet reflects the following notation on
April 16, 2008:  AAtty approached re: MTN for new trial -
Judge did not rule.@  The trial court did not hold a hearing
on the motion for new trial, and it was overruled by operation of law.  See
Tex. R. App. P. 21.8(c).  This appeal timely ensued.

II

In a single issue, Melendez asserts that
the trial court erred in failing to schedule a hearing on his motion for new
trial.  The State responds that Melendez failed to either present or request a
hearing on the motion.   








The right to a hearing on a motion for new
trial is not absolute.  Rozell v. State, 176 S.W.3d 228, 230 (Tex. Crim.
App. 2005).  A trial court generally should hold a hearing if the motion and
attached affidavits raise matters that cannot be determined from the record
that could entitle the accused to relief.  Id.  But to be entitled to a
hearing on a motion for new trial, the accused must timely present the motion
to the trial court.  Id.  Presentment in this context Aincludes actual
notice of the desire to have a hearing.@  Id. 
(citing Carranza v. State, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998)). 
We do not reach the issue of whether the trial court abused its discretion in
failing to hold a hearing if no request for a hearing was made because the
issue was not preserved for appellate review.[2] 
See id.

Here, nothing in the record reflects that
Melendez sought a hearing.[3] 
Melendez failed to include an express request for a hearing within the text of
his motion.[4] 
Further, the motion was overruled by operation of law.  Cf. Carranza,
960 S.W.2d at 79 (A>The presentment
must result in actual notice to the trial court and may be evidenced by the
judge=s signature or
notation on a proposed order or by a hearing date set on the docket.=@) (quoting id.
at 81 (Overstreet, J. concurring)).  








On the record before us, we cannot
conclude that Melendez=s desire for a hearing was adequately
brought to the attention of the trial court.  He did not request a hearing or
attach a proposed order to the motion.  See Rozell, 176 S.W.3d at 231. 
Consequently, the motion was overruled by operation of law.  See Carranza,
960 S.W.2d at 79 (AThe presentment must result in actual
notice to the trial court and may be evidenced by the judge=s signature or
notation on a proposed order or by a hearing date set on the docket.@).  Under these
circumstances, the record does not reflect that Melendez adequately notified
the trial court of his desire to have a hearing on his motion.  Accordingly,
Melendez has not preserved this issue for our review.

* * *

Melendez has not preserved his complaint
regarding the trial court=s failure to conduct a hearing on his
motion for new trial.  Accordingly, we overrule his only issue and affirm the
trial court=s judgment.

 

 

/s/      Jeffrey
V. Brown

Justice

 

 

 

Panel consists of Justices Seymore, Brown, and Sullivan.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  Melendez did not execute an affidavit in support of
the motion.





[2]  APresenting the
motion for new trial and the request for a hearing is akin to objecting to the
erroneous admission of evidence.  Absent a proper objection that alerts the
trial court to the erroneous admission, the error has not been preserved for
appellate review.@  Rozell, 176 S.W.3d at 230.





[3]  As noted above, the trial court=s docket sheet reflects that Melendez Aapproached@
the trial court regarding the motion for new trial.  However, a docket sheet is
not part of the record.  See Kerr v. State, 83 S.W.3d 832, 834 (Tex.
App.CTexarkana 2002, no pet.); Rodriguez v. State,
834 S.W.2d 592, 595 (Tex. App.CHouston [1st
Dist.] 1992), rev=d on
other grounds, 844 S.W.2d 744 (Tex.
Crim. App.1992); Bell v. State, 734 S.W.2d 83 (Tex. App.CAustin 1987, no pet.).  Moreover, the docket sheet
does not indicate that Melendez requested a hearing on his motion.





[4]   Indeed, the word Ahearing@ is mentioned twice in the motion:  (1) AA hearing must be commenced before the 75th day
after the sentence, which is May 24, 2008, or this motion is overruled by
operation of law@; and (2) AFor
the foregoing reasons, and for such other reasons that may arise on the hearing
of this Motion, Defendant requests a new trial.@ (emphasis)  But neither of these statements
constitutes a request for a hearing.  The first statement establishes the
timeline for the motion, and the second presumes a hearing will be conducted.  Cf.
Rozell, 176 S.W.3d at 231 (stating that the motion did not include a
request for a hearing and the orders attached to the motion left to the trial
court=s discretion whether a hearing should be held).