**The STATE of Texas, Appellant,**

v.

**Robert Edward MILLER, Appellee.**

**No. 03–02–00590–CR.**

Court of Appeals of Texas,
Austin.

Sept. 25, 2003.

---

Giselle Horton, Assistant County Attorney, Austin, for State.

Keith S. Hampton, Austin, for Appellee.

Before Chief Justice LAW, Justices B.A. SMITH and PURYEAR.

## OPINION

BEA ANN SMITH, Justice.

The State's motion for rehearing is granted. The opinion and judgment dated July 11, 2003, are withdrawn.

The State appeals the county court at law's order granting appellee Robert Edward Miller's pretrial motion to suppress evidence. *See* Tex.Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp.2003). The State raises a single issue: "When a court grants a hearing on a pretrial motion to suppress, does the court err in suppressing the State's evidence 'based on the lack of live testimony,' without considering other, competent evidence authorized under Art. 28.01 § 1(6) and proffered to meet the State's burden of establishing lawfulness?" *See State v. Medrano*, 67 S.W.3d 892, 894 (Tex.Crim.App.2002) (article 44.01(a)(5) permits State to appeal any pretrial ruling that suppresses evidence, regardless of ground for ruling). We conclude that under the circumstances presented, the answer to the State's question is "No." We will affirm the court's order.

After the State filed an information accusing him of driving while intoxicated, Miller filed a motion to suppress all evidence of his intoxication on a variety of grounds, among them that the evidence had been obtained in violation of the constitutions and laws of this State and of the United States. *See* Tex.Code Crim. Proc. Ann. art. 38.23(a) (West Supp.2003). The court scheduled a pretrial hearing to consider the motion.[1] When the case was called, Miller announced ready. The State announced that it was not ready and orally requested a continuance. The State explained that the arresting officer had on the previous day faxed a letter to the prosecutor stating that he would not appear, despite being served with a subpoena, because he would be "in class . . . for training." The court denied the continuance. The events giving rise to this appeal then followed:

---

1. We infer from the comments of the parties below that this was the third setting, Miller and the State having each been previously granted a continuance.

MR. KINARD

[defense counsel]: We would ask now that the motion to suppress be held on the motions themselves, as the case law grants authority for it.

MR. SWAIM

[prosecutor]: If Your Honor is going to rule on the motion in the Court file, we also ask you to take notice of the Probable Cause Affidavit that's in there, and has been ruled on by a magistrate, and ask that you deny his motion.

THE COURT: I'll grant the motion to suppress based on the lack of testimony of the live witness, the arresting officer.

The State urges that the court erred by granting the motion to suppress without considering the proffered probable cause affidavit.

If a trial court grants a pretrial hearing on a defendant's motion to suppress evidence, "the court *may* determine the merits of said motion on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the *discretion* of the court." Tex.Code Crim. Proc. Ann. art. 28.01, § 1(6) (West 1989) (emphasis added). The State argues that notwithstanding the language of the statute, "a trial court may not dictate how a party discharges its burden at a pre-trial suppression hearing . . . so long as the party meets this burden within the format boundaries set out in Art. 28.01 § 1(6)." The State cites two opinions in support of this proposition: *Rodriguez v. State*, 844 S.W.2d 744, 745 (Tex.Crim.App.1992), and *Bishop v. State*, 85 S.W.3d 819, 822 (Tex. Crim.App.2002).

In *Rodriguez*, the trial court overruled the defendant's motion to suppress evidence after a pretrial hearing at which no witnesses were called and no evidence was formally introduced. 844 S.W.2d at 745.

Instead, the court ruled after listening to the different versions of fact offered by the parties. *Id.* When the defendant appealed the merits of the trial court's ruling, the court of appeals held that he had not met his burden of proof at the pretrial hearing because he offered nothing except oral argument in support of his motion. *Id.* The court of criminal appeals reversed the court of appeals, holding that under article 28.01, section 1(6), the trial court was permitted to consider the defendant's motion to suppress and attached affidavit in determining the merits of the motion, and that the court of appeals should have done the same. *Id.*

In *Bishop*, the defendant filed a pretrial motion to suppress evidence seized from her vehicle during a traffic stop. 85 S.W.3d at 820. The trial court heard the motion on affidavits only and overruled it. *Id.* On appeal, the defendant challenged the trial court's conclusion that the stop was supported by reasonable suspicion. *Id.* at 820–21. The court of appeals did not reach the merits of this contention, holding that because the defendant's affidavit did not state that the stop and search were conducted without a warrant, the State was never put to the burden of proving an exception to the warrant requirement. *Id.* at 821. On discretionary review, the defendant urged that the court of appeals should have accepted her suppression motion's assertion of a warrantless search and seizure and addressed the merits of her claim of error, citing article 28.01, section 1(6). *Id.* The court of criminal appeals agreed with the defendant, rejecting the State's contention that the defendant's motion to suppress did not constitute evidence at the pretrial hearing. *Id.* It also rejected the State's further contention that under article 28.01, section 1(6), the trial court may select only one of the alternative methods for determining

the motion to the exclusion of the others. *Id.* The court wrote: "Although the subsection sets out the different methods of conducting a hearing in the alternative, there is nothing to indicate that a trial court may not use more than one, such as live testimony from some witnesses, and the affidavits of others." *Id.* at 822. Citing *Rodriguez*, the court of criminal appeals held that the court of appeals should have considered both the defendant's motion to suppress and the affidavits in addressing the defendant's complaint about the trial court's ruling. *Id.*

The central holding of *Rodriguez* and *Bishop* is this: "[W]here no witnesses [are] called and no evidence [is] presented at a hearing on a motion to suppress, the trial court [is] permitted [by article 28.01, section 1(6)] to determine the merits of the motion[ ] 'on the motions themselves, or upon opposing affidavits,'" and an appellate court reviewing the trial court's ruling in such a case must consider the motion and affidavits in determining the merits of the trial court's ruling. *Id.* In other words, if a trial court chooses to determine a pretrial motion without hearing testimony, a court of appeals may not treat the absence of testimony as being determinative on appeal.

The State argues that it is a "logical extension" of the holdings in *Rodriguez* and *Bishop* that "if a trial court grants a hearing on a pre-trial motion to suppress, it must review any available, statutorily authorized documents or evidence in making this preliminary determination." To the contrary, we find nothing in *Rodriguez* or *Bishop* to suggest that the court of criminal appeals intended to deny trial courts the discretion to require live testimony at a pretrial suppression hearing. Those opinions hold that a trial court is *permitted* to determine the merits of a pretrial suppression motion without hearing testimony, not that it is *required* to do so.

The State's argument disregards the plain language of article 28.01, section 1(6), which unambiguously gives a trial court the discretion to determine the format of a pretrial suppression hearing. In effect, the State would have this Court read the statute as if it said that "the court *must* determine the merits of said motion on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the *parties*." We decline the State's invitation to rewrite the statute. We hold that under article 28.01, section 1(6), the trial court had the discretion to require the arresting officer's testimony and to refuse the State's request that it consider the probable cause affidavit in lieu of the officer's testimony.

Miller's motion to suppress stated that the arresting officer acted without a warrant. Under article 28.01, section 1(6), the court had the discretion to rely on this statement, which was not disputed, in determining the merits of the motion. *See Bishop*, 85 S.W.3d at 822. The court also had the discretion to require the officer's live testimony. *See id.* (trial court may use live testimony of some witnesses and affidavits of others to determine motion). The court did not grant the motion to suppress because the officer failed to appear, but because, without the officer's testimony, the State did not meet its burden of proving an applicable exception to the Fourth Amendment warrant requirement.

The county court at law's order is affirmed.