

IN THE

TENTH COURT OF APPEALS

No. 10-10-00366-CR

CHRISTOPHER JAMES WADE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2010-926-C2

## MEMORANDUM OPINION

Under a plea bargain agreement, Christopher James Wade pleaded guilty to the offense of possession of a controlled substance. The trial court assessed his punishment at twelve months' confinement in state jail. Wade was given permission to appeal the trial court's pretrial ruling on Wade's motion to suppress. He raises two issues in this appeal. We will affirm.

In the first issue, Wade argues that the trial court erred in denying his motion to suppress. We review a trial court's ruling on a motion to suppress evidence under a

bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007); *Ross v. State*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by Cullen v. State*, 195 S.W.3d 696 (Tex. Crim. App. 2006). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor; and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002). But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo. *Amador,* 221 S.W.3d at 673; *Johnson,* 68 S.W.3d at 652-53.

When reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Wiede*, 214 S.W.3d at 24; *Kelly v. State*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *Kelly*, 204 S.W.3d at 818-19. We then review the trial court's legal ruling de novo unless its explicit

fact findings that are supported by the record are also dispositive of the legal ruling. *Id*. at 819.

Game Warden Jason Campbell testified at the suppression hearing that on May 17, 2010, he was patrolling Lake Waco with Officer James Ranft. As they passed the Flat Rock boat ramp, Officer Campbell observed several cars in the parking lot and thought people might be fishing at the boat ramp. Game Warden Ranft drove their boat to shore, and Officer Campbell got out of the boat.

Officer Campbell observed a vehicle with the engine running and went to check on the occupant. When Officer Campbell approached the vehicle, Wade rolled down the window. Officer Campbell asked Wade if he was okay, and Wade responded that he was eating lunch and that he lived nearby. Officer Campbell did not observe any food or a cooler in the vehicle and asked to see Wade's identification. Wade's identification listed his address as being in Elm Mott, Texas, which was not near the boat ramp. Wade then told Officer Campbell that he was looking to purchase property in the area.

Officer Campbell said that Wade appeared nervous. He asked Wade if Wade had any weapons or anything he should be aware of, and Wade responded, "Why are you doing this to me?" Officer Campbell thought that this was a strange response, and he again asked if Wade had any weapons or contraband. Wade responded similarly, "Why are you doing this?" Officer Campbell then asked Wade to step out of the vehicle and explained that he was going to conduct a "pat-down" for his safety.

Wade stepped out of the vehicle, and Officer Campbell asked if Wade had

anything that Officer Campbell needed to know about. Wade said that there was a "pipe" behind the seat, and Officer Campbell understood that to mean a pipe for smoking narcotics. He searched the vehicle and found a glass pipe with methamphetamine residue and a small plastic baggie containing methamphetamine.

Wade argues that he was detained and searched in violation of the Fourth Amendment and article 38.23 of the Code of Criminal Procedure and that he was interrogated without the benefit of *Miranda* warnings.

Consensual police-citizen encounters do not implicate Fourth Amendment protections. *Florida v. Bostick*, 501 U.S. 429, 434, 111 S.Ct. 2382, 2386, 115 L.Ed.2d 389 (1991); *Woodard v. State*, 341 S.W.3d 404, 411 (Tex. Crim. App. 2011). Law enforcement is free to stop and question a fellow citizen; no justification is required for an officer to request information from a citizen. *Woodard*, 341 S.W.3d at 411.

No bright-line rule governs when a consensual encounter becomes a seizure. *Id*. Generally, however, when an officer through force or a showing of authority restrains a citizen's liberty, the encounter is no longer consensual. *Id*. At that point, an encounter becomes a detention or arrest, both of which are seizures under the Fourth Amendment. *Id*. When there is a detention, courts must decide whether the detaining officer had reasonable suspicion that the citizen is, has been, or soon will be, engaged in criminal activity. *Id*.

If a police officer reasonably suspects that a person is armed, a limited pat down of that person is permissible. *Terry v. Ohio*, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968); *Castleberry v. State*, 332 S.W.3d 460, 467 (Tex. Crim. App. 2011). The State has

the burden to present facts sufficient to show reasonable suspicion. *Castleberry*, 332 S.W.3d at 467. Whether the State has met its burden must be determined by considering the specific facts known by the officer at the moment of detention. *Id*. This determination of reasonable suspicion may also be "based on commonsense judgments and inferences about human behavior." *Id*.

In denying the motion to suppress, the trial court made findings of fact and conclusions of law. When a trial court makes explicit findings, we are to determine whether the evidence, viewed in the light most favorable to the trial court's ruling, supports the findings. *Kelly*, 204 S.W.3d at 818.

The trial court found that Officer Campbell's initial encounter with Wade was consensual. The trial court further found that Officer Campbell observed objective facts that created a reasonable suspicion that Wade was engaged in criminal activity and that Wade's admission to the possession of drug paraphernalia gave Officer Campbell probable cause to detain Wade and search his vehicle. The trial court found Officer Campbell to be a credible witness.

Because we must view the evidence in the light most favorable to the trial court's ruling, and because the trial court judges the credibility of the witnesses and the weight to be given their testimony, *Wiede*, 214 S.W.3d at 24-25, these findings are supported by the evidence. Officer Campbell observed Wade's vehicle in the parking lot and checked on the occupant, and Wade rolled down the window to speak to him. Officer Campbell became suspicious when Wade changed his story concerning his reason for being at the boat ramp and when Wade appeared very nervous. Officer Campbell asked Wade two

times if he had any weapons, and Wade did not answer the question, instead giving what Officer Campbell considered strange responses. Officer Campbell became concerned for his safety and conducted a pat-down of Wade.

Because the trial court did not abuse its discretion in denying the motion to suppress, we overrule Wade's first issue.

In the second issue, Wade argues that the trial court erred in refusing to consider his affidavit in support of his motion to suppress in violation of article 28.01 of the Code of Criminal Procedure. At the suppression hearing, Wade offered an affidavit in which he detailed his version of the events leading to his arrest. Wade's version was inconsistent with Officer Campbell's version. The State objected to the admission of the affidavit because the State would not be able to cross-examine Wade. The State further objected that Wade did not file the affidavit at least seven days before the hearing.

Subsection 1(6) of article 28.01 provides:

> Motions to suppress evidence—When a hearing on the motion to suppress evidence is granted, the court may determine the merits of said motion on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the court;

TEX. CODE CRIM. PROC. ANN. art. 28.01 (West 2006). Subsection 1(6) unambiguously gives a trial court the discretion to determine the format of a pretrial suppression hearing. *State v. Miller*, 116 S.W.3d 912, 915 (Tex. App.—Austin 2003, no pet.). It does not require the trial court to consider an affidavit when live testimony is offered. Accordingly, the trial court did not abuse its discretion in refusing to consider Wade's affidavit. We overrule the second issue.

Having overruled both of Wade's issues, we affirm the trial court's judgment.


                                    REX D. DAVIS
                                    Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed July 26, 2012
Do not publish
[CR25]