ACCEPTED
04-14-00198-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
1/5/2015 5:13:59 PM
KEITH HOTTLE
CLERK

No. 04-14-00198-CR

IN THE COURT CRIMINAL OF APPEALS FOR THE

FOURTH JUDICIAL DISTRICT OF TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
1/5/2015 5:13:59 PM
KEITH E. HOTTLE
Clerk

**JORGE ALVAREZ GOMEZ**
**APPELLANT,**

**VS.**

**THE STATE OF TEXAS,**
**APPELLEE.**

---

**APPEALED FROM THE COUNTY CORT NUMBER 6, OF BEXAR COUNTY, TEXAS, CAUSE No. 362070**

---

APPELLANT'S REPLY BRIEF

---

Respectfully submitted,

Victor M. Valdes, J.D., Ed.D.
111 Soledad, Suite 300
San Antonio, Texas 78205
Tel. (210) 229-9652
Fax (210) 590-6713
Bar No. 20424500
Attorney for Appellant
Email:vvaldes@satx.rr.com

Oral Argument Respectfully Requested

1.

## NAME OF PARTIES

Jorge Alvarez Gomez is the Appellant. He was represented during the Motion to suppress evidence and at the trial by Victor Manuel Valdes who also represents him on Appeal. The State of Texas was represented during the Motion to Suppress and the trial by Mr. Courtney Scipio and Matt Howard. The State's Appellant Counsel is Mathew B. Howard, Assistant Criminal District Attorney.

COMES NOW, Jorge Alvarez Gomez, by and through his court appointed Attorney, Victor Manuel Valdes, and files this his *Reply Brief*, pursuant to Rule 38.3 of the *Texas Rules of Appellate Procedure*, and in support thereof, would show the Court the following:

In his brief Appellant contended that the Trial Court erred when it denied Appellant's Article 38.23 of the *Texas Code of Criminal Procedure* instructions.

The State is disingenuous when it alleges that Appellant "...fails to adequate present a clear and concise... did not affirmatively dispute any issues related to a potential 38.23 instruction". The video recording, admitted into evidence, clearly indicates that Appellant told the arresting officer "I was not driving...." That evidence is sufficient to meet the requirements of Article 38.23 of the *Texas Code of Criminal Procedure*. Furthermore, Mr. John Orozco, the owner of the vehicle where Appellant was waiting, testified, not only by affidavit, but in person and subject to cross examination, that Appellant was no driving his vehicle. He testified as follows: that he was the owner of the vehicle where Appellant was sleeping and that the vehicle broke down on him. And that he went across the street to get cables to start the vehicle again. That, when he left the vehicle, Appellant was in the passenger's seat. (See Appendix B, Affidavit by Mr. John Orozco).

3.

Again, we agree with the State when it makes reference to Courts' precedents as follows:

> The Appellate Court should consider the Trial Court as the sole finder of fact at a suppression hearing. *Amador V. State*, 221 S.W. 3d 666, 673 (Tex. Crim. App. 2007). The Trial Court has discretion to believe or disbelieve any portion of a witnesses' testimony. *Id.* Trial Court Judges are uniquely situated to observe the demeanor and appearance of any witness and the evidence as it is presented to the jury. *Wiede V. State*, 214 S.W. 3d 16, 24 (Tex. Crim. App. 2007). Additionally, the Trial Court may make reasonable inferences from the evidence presented. *Amador*, 221 S.W. 3d at 673.

The above analysis of the state law is of significance in this case. The trial Court believed the owner of the vehicle *vis-à-vis* the police officer. The truck broke down and the owner went to look for cables. The truck was on "park" and when the officer told him to change gears that was when the truck moved backwards. Appellant was not familiar with the truck and the owner testified to that, please see his affidavit, Appendix B. Article 28.01 of the *Code of Criminal Procedure* authorizes the Trial Court during Motions to Suppress to consider motion plus affidavits, subject to the discretion of the court. *State V. Miller*, 116 S.W. 3d 912.

4.

The State further indicates that the Court took over two months to sentence Appellant. We do not understand the point that the State is trying to make in this respect. However, Appendix A, provides us some light in that respect. It indicates that the Court was not satisfied with the jury's decision and of the decision of the jury. Furthermore, the court maintains plenary powers, during those two months. Please see Appendix C, page 56-57 of Volume 2 of the transcript, in which the judge was "bothered" by the jury's decision. He wanted time to get with Rick Bowman, the Staff Attorney to see his "options".

He had the option to grant the Motion to Suppress, motion for a New Trial, in the interest of justice, as the Court indicated, etc. The Trial Court judge erred when he felt that he did not have any alternative. In addition, and in accordance with this court's ruling in *State V. Savage*, 933 S. W. 2d 497, the court had the option of granting a judgment non obstante veredicto (JNOV) or an arrest of judgment. This is equivalent to a directed verdict in a motion for a new trial. The court should have granted the Motion to Suppress evidence as requested by Appellant. In page 26 of it's brief, the State alleges that Appellant was not sick at the time of the encounter, the trial court judge concluded that Appellant was sick, and even the police officer asked Appellant, are you sick, and he was not able to perform the SFST.

The availability of the video helps us understand the situation and, the failure to record at the video room was a violation of Appellants equal protection.

The Trial Court was under the erroneous impression that it needed permission from the State to grant a "motion for mistrial", see Appendix A. The court relinquished its authority to the State.

## CONCLUSION

FOR THESE REASONS, as well as for the reasons set out in Appellant's opening brief, his conviction must be reversed and the charge against him dismissed with prejudice. Alternatively, the conviction must be reversed, and the case remanded for a new trial with instructions to suppress the evidence.

Respectfully submitted,

_____//S//_____
Victor M. Valdes, J.D., Ed.D.
111 Soledad, Suite 300
San Antonio, Texas 78205
Tel. (210) 229-9652
Fax (210) 590-6713
Bar No. 20424500
Attorney for Appellant

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certifies that a true and correct copy of the Reply Brief for Appellant was Emailed to the Attorney for the State of Texas, Mathew B. Howard at matthew.howard@bexar.org on this the 5th day of January 2015.

_____//S//_____
Victor M. Valdes, J.D., Ed.D.

7.

APPENDIX A


Court Reporter's Transcript dated February 28, 2014

REPORTER'S RECORD          (ORIGINAL)

VOLUME 1 OF 1 VOLUMES

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
9/7/2014 9:35:36 AM
KEITH E. HOTTLE
Clerk

TRIAL COURT CAUSE NO. 36207

THE STATE OF TEXAS          *          IN THE COUNTY COURT

VS.                         *          AT LAW NO. 6

JORGE ALVAREZ-GOMEZ         *          BEXAR COUNTY, TEXAS

*************************
SENTENCING
FEBRUARY 28TH, 2014
*************************

A-P-P-E-A-R-A-N-C-E-S:

        MS. COURTNEY SCIPIO and
        MR. ANDREW FIELDS
        Assistant Criminal District Attorneys
        Paul Elizondo Tower 1
        101 West Nueva
        San Antonio, Texas  78205
        Phone: (210) 335-2311
        ATTORNEYS FOR THE STATE

        MR. VICTOR VALDES
        111 Soledad Street, Suite 300
        San Antonio, Texas  78205
        Phone: (210) 229-9652
        SBTN: 20424500
        ATTORNEY FOR DEFENDANT

        On the 3rd, 4th, 5th and 6th days of December, 2013, and the 28th day of February, 2014, the following proceedings came on to be heard in the above-entitled and numbered cause before the HONORABLE WAYNE A. CHRISTIAN, PRESIDING JUDGE, held in the County Court at Law No. 6, San Antonio, Bexar County, Texas.

        Proceedings reported by machine shorthand.

VOLUME 6 OF 7 VOLUMES

Page

Proceedings..........................................3

Court gives chronology of trial......................3

Court explains attempt to ask State if they would

be willing to allow Court to grant mistrial..........3

Court explains numerous attempts in trying to

Contact Defense attorney Victor Valdes and

Defendant............................................5

Court sends out setting form for sentencing..........5

Defense attorney Victor Valdes was absent from

sentencing because of being in a seminar.............6

Court sentenced in absentia..........................7

Court informs defendant what he has to do............8

State's recommendation on punishment................11

STATE'S EVIDENCE

| STATE'S WITNESSES: | DE | CE | RD | RC |
|---|---|---|---|---|
| (No witnesses.) | | | | |

DEFENSE'S EVIDENCE

| DEFENSE'S WITNESSES: | DE | CE | RD | RC |
|---|---|---|---|---|
| (No witnesses.) | | | | |

Proceedings concluded...............................11

Court Reporter's Certificate........................12

EXHIBITS

| STATE'S: | | | |
|---|---|---|---|
| NO.    DESCRIPTION | MARKED | OFFERED | ADMITTED |
| (No exhibits.) | | | |

| DEFENSE'S: | | | |
|---|---|---|---|
| NO.    DESCRIPTION | MARKED | OFFERED | ADMITTED |
| (No exhibits.) | | | |

P R O C E E D I N G S

(Open court, defendant present.)

THE COURT: This is Cause 362070, The State of Texas versus Jorge Alvarez-Gomez, who is charged by information and complaint with the offense of driving while intoxicated, alleged to have occurred May 17th, 2011. Defense requested a jury trial, which was held on December 3rd through 6th, 2013. The jury finding the defendant guilty of the offense of driving while intoxicated. Defense filed a motion for a new trial, which the Court respectfully denied on February 7th, 2014. Numerous attempts were made -- or, actually, the Court deferred sentencing in an attempt to work something out with the District Attorney's Office, that was not able to be worked out.

MR. VALDES: And that you spoke with Mary Green.

THE COURT: I spoke with my two prosecutors, Andrew Fields and Courtney Scipio, and I spoke to their supervisor, Mary Green.

MR. VALDES: To see if it's possible to --

THE COURT: And what I was attempting to do at that point was to see if the State would be willing to allow me to grant a motion for mistrial,

based exclusively on the fact that I personally did not agree with the jury's verdict. However, the law does not account for that being sufficient for me to grant a motion for a new trial or override the jury's verdict, in my opinion, and I was going to attempt to see if the District Attorney's Office would be willing to allow me to grant a motion for a new trial, with the understanding that they would offer Mr. Alvarez-Gomez a lesser offense of obstruction of a highway, which I thought was more appropriate for this case since it involved a vehicle stuck in the middle of an intersection. Both my assigned trial court prosecutors and Ms. Green were very nice and professional about it, but they said they're not going to disparage the verdict of a Texas jury, and that all of the evidence was presented to the jury and that was their finding.

Mr. Field's, is that more or less accurate?

MR. FIELDS: As far as I know, yes, sir.

THE COURT: Okay.

I want to advise Mr. Alvarez-Gomez that, in my opinion, you got as fair a trial as you can get. You have a very competent attorney. We had to jump through a few hoops to get your witness there, who was testifying that you were not driving the automobile and

that he had left you intoxicated in the car and that you weren't doing anything accept being in the car waiting for him to get back with jumper cables, if I recall correctly, to start the car, which was stalled in an intersection at a red light or something, and it appears the jury did not believe that testimony, and it's not up to me what the jury believes or doesn't believe. So I feel bad for Mr. Alvarez-Gomez, but I'm bound by the law. That's kind of where we're at.

So that being said, we attempted to contact both Mr. Alvarez-Gomez and Defense counsel numerous times on the phone and by texting, and me personally trying to get Mr. Valdes to get in contact with me. Apparently everybody was busy because I -- and I wanted to relate to them that I was going to have to have a sentencing hearing. Ultimately I was not able to contact them, so I had Ms. Benavidez, as court coordinator, send out an official setting form setting this for sentencing on February 25th, 2014. And I assume you got that, Mr. Valdes?

MR. VALDES: Yes, Your Honor, but --

THE COURT: Because the defendant showed up in the morning --

MR. VALDES: Yes, Your Honor, because I --

THE COURT: -- but you weren't here.

MR. VALDES: No, because I called him to tell him to show up here, to report.

THE COURT: He showed up in the morning, and we'll ask Ms. Benavidez, but my understanding is, he was told to come back at 1:30 to give us time to contact you to be here also, and he didn't show up at 1:30.

MR. VALDES: I understand, Your Honor, but --

THE COURT: No hard feelings. I'm not holding that against anybody.

MR. VALDES: No, no, but I was in a seminar.

THE COURT: Marines are late all the time anyway.

MR. VALDES: I was in a seminar at Corpus Christi.

THE COURT: And once again, no hard feelings.

MR. VALDES: I'm sorry.

THE COURT: It's just we needed to get this done and that's how we did it.

MR. VALDES: Yes, sir, and that's why we're here.

THE COURT: And when neither Defense counsel nor defendant were present, I sentenced in absentia, and I followed the jury's verdict and found Mr. Alvarez-Gomez guilty of the offense of driving while intoxicated, first offense. I sentenced him to six months in the Bexar County Jail, probated for six months, a $500 fine, probating all of that, plus court costs, 48 hours community service, probating all of that based on his extensive military service as a combat marine, DWI education course he's required to take to keep his driver's license, DWI Victim Impact Panel, which takes approximately two hours, I think, to finish, and an outpatient drug evaluation through either Elite counseling or the Veterans Administration. I assume you're still eligible for that.

THE DEFENDANT: Yes, sir.

THE COURT: And whatever the professionals in that category tell me -- if you need outpatient counseling, I'm going to order it, if that's what they tell me. If they tell me you don't need it, I'm not going to order it.

THE DEFENDANT: Yes, Your Honor.

THE COURT: It's just that simple. I initially ordered you to report to the adult probation

department at 9 o'clock a.m. -- I'm sorry, Marine, 0900 hours on February 26th, 2014. You weren't able to do that. No problem. We have since issued a warrant for you, but you're here, so no problem. We're going to recall the warrant, and I'm going order you, in the nicest possible way, to go to probation and sign in today.

THE DEFENDANT: Yes, Your Honor.

THE COURT: My understanding -- and I've also found you indigent for purposes of the state surcharge. Otherwise you would have to be paying $3,000 to keep your driver's license. Okay?

THE DEFENDANT: Yes, sir.

THE COURT: I've annotated in the Court file: Defense counsel provided proper legal notice of sentencing hearing on 2-7-2014, and defendant further spoke to Pat Benavidez on the -- I can't even read my writing -- on the morning on 2-25-2014 and was specifically told to be back in the courtroom at 1:30 p.m. Defense counsel repeatedly refused to return phone calls.

No hard feelings. That's just on the record of how we tried to contact you. You're here, so we're all happy.

So that being said, I need Mr. Alvarez-

Gomez to go report in to probation, with the understanding that once he pays the monies that are due -- and I think that's going to be, according to the front of this jacket, $462 or $427. Toni in the back can tell you the exact amount. That's his court costs. Once that is paid -- there's also a $25 a month supervisory fee, and I'm going to waive that. Once he's done that, I'm going to allow him to answer by mail for six months, which means he doesn't have to go to probation after today. They'll give you a form and allow you to answer by mail. As a matter of fact, I'm just going to order that he can answer by mail. That's the best way to do that. You're going to have to do a DWI education course, and that can be taken online.

THE DEFENDANT: Yes, sir.

THE COURT: And I don't know what it costs, but not much. You need that to keep your driver's license. This Victim Impact Panel, you're going to have to talk to your probation officer or Ron today about how to set up for that. But it's only two hours once you start.

THE DEFENDANT: Yes, sir.

THE COURT: So as soon as you get that out of the way, that's great. But technically you got six months to do that.

So I tried to make it as kind and gentle on him as I possibly can. In 34 years of doing this, I've never sentenced anybody this meek and mild. And the prosecutor will confirm that. And I'm recalling warrants. And it is now 10:30, so I'm going to say at 11 o'clock? Or anytime today. Is this afternoon better for him? What's better?

MR. VALDES: To report to probation?

THE COURT: Yes, sir.

MR. VALDES: Yeah, this afternoon. Yes, sir.

THE COURT: Okay. 1:30, 1330 your time.

THE DEFENDANT: I can report right after this.

THE COURT: Well, you can go now. You know, anytime up to or including 1330. Before or at 1330 hours today.

MR. FIELDS: So, Judge, was this the sentence that was already given the last time?

THE COURT: The sentence that I gave?

MR. FIELDS: Yes.

THE COURT: Six months over six months --

MR. FIELDS: That was already recommended by the State?

THE COURT: I didn't even ask the State a

recommendation. I just sentenced him. But I'll be happy to hear the State's recommendation for the record.

MR. FIELDS: I was just going to recommend -- and what's different from yours is a $700 fine, a hundred and eighty days over two years, and 60 hours of community service, in addition to the ignition interlock. I didn't hear you say that.

THE COURT: Thanks.

Okay. Anything further from the State or the Defense on Mr. Jorge Alvarez-Gomez, United States Marine Corps?

MR. FIELDS: No, Your Honor.

THE COURT: Best of luck, sir.

THE DEFENDANT: Thank you, Your Honor.

THE COURT: I'm sorry it worked out this way. Your attorney did the best job he could, and the State had to do their job, and the Defense had to do theirs, and that's what the jury came back with. That's the way the cookie crumbles.

MR. VALDES: May I be excused, Your Honor?

THE COURT: You bet. Thank you.

MR. VALDES: Thank you, Your Honor.

(Sentencing proceedings concluded.)

STATE OF TEXAS )

COUNTY OF BEXAR )

I, MICHAEL A. STACHOWITZ, Court Reporter in and for the County of Bexar, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of the entire sentencing proceedings in the above-styled and numbered cause, all of which occurred in open court and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is _____.

WITNESS MY OFFICIAL HAND this the 5th day of May, 2014.

/S/Michael A. Stachowitz
MICHAEL A. STACHOWITZ
Official Court Reporter, County Court 6
Texas CSR 2174
Expiration Date: 12-31-2014
Bexar County Justice Center, 2nd Floor
100 Dolorosa
San Antonio, Texas  78205
(210) 335-1605

# APPENDIX B


Affidavit by owner, Mr. John Orozco

CAUSE NO. 362070

| STATE OF TEXAS | § | IN THE COUNTY COURT |
| VS. | § | AT LAW NO. 6 |
| JORGE ALVAREZ GOMEZ | § | BEXAR COUNTY, TEXAS |

## AFFIDAVIT OF WITNESS

STATE OF TEXAS      §
COUNTY OF BEXAR   §

BEFORE ME, the undersigned authority, on this day personally appeared JOHN OROZCO, and, after I administered an oath to him, upon his oath, he said:

" My name is **JOHN OROZCO** and I am a witness to the arrest for DWI of Jorge Alvarez Gomez. I am a witness because I just left Jorge inside my truck to get jump cables because my truck had stalled in the intersection. I walked directly to the Red Land Restaurant which was across the street where the truck stalled on me. I told all that to the officer. However, he did not believe me. I told the officer that it was my truck and that Jorge was not driving the truck when it stalled. Obviously, while waiting for me, he fell asleep in the truck. However, the officer did not know that it was my truck and he did not know why we were there or how long have we been in there. I tried to explain it to him but he apparently, did not believe me. This is the truth; the truck is mine, and Jorge did not get to operate or move the truck because it stalled on me at the intersection."

JOHN OROZCO

SWORD TO AND SUBSCRIBED before me by John Orozco on the 2 Day of December 2013.

Notary public in for the State of Texas. My commission expires on: May 16, 2015



MICHELLE H. LOPEZ
Notary Public, State of Texas
My Commission Expires
May 16, 2015

Michelle H. Lopez

APPENDIX C


Court Reporter's Transcript page 56-57 Judge "Bothered"

costs, 48 hours community service, DWI education course, DIP, TAIP Evaluation, ignition interlock, and 10 days Bexar County jail as a condition of probation.

THE COURT: Defense?

MR. VALDES: Your Honor, I don't have any problem with those six month probated for a year, but I think the ignition interlock shouldn't get involved in here. There's no need for a TAIP Evaluation. There's no reason for a TAIP. There's no indication that this young man has a drug problem. And that those 10 days as a condition of probation I don't think is necessary in this case, and it's not mandatory in this case either, Your Honor. I think that 300-dollar fine, six month probated for a year, 24 hours of community service, driver's education, make sure he gets his drivers license is more than adequate, Your Honor, in this particular case.

THE COURT: All right. Mr. Alvarez Gomez, I'm going to actually pronounce sentence next week, okay? I want some time to look at this. This is the only case in 34 years that's bothered me, okay? So let's look at it, and I'll give both sides a fair shot at figuring out what it is I think the right thing is to do. But I want some time to look at it. Next week will give me enough time to get with Rick Bowman, our staff

attorney, and see what my options are, okay?

MR. VALDES: Yes, sir.

THE COURT: Go home, have a lovely weekend. When I figure it out, I will just call you.

(Proceedings adjourned.)