# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00237-CR

**The State of Texas, Appellant**

**v.**

**Clayton Kyle Stone, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY**
**NO. 12-3781CR, HONORABLE LINDA RODRIGUEZ, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

After an information was filed accusing him of driving while intoxicated, Clayton Kyle Stone filed a motion to suppress evidence, asserting that the traffic stop that resulted in his arrest was unlawful. After a hearing at which the State failed to appear when the case was called, the trial court granted the motion to suppress, and this interlocutory appeal followed. *See* Tex. Code Crim. Proc. art. 44.01(a)(5) (permitting State to appeal any pretrial ruling that suppresses evidence, regardless of ground for ruling). We will reverse the trial court's order and remand this case to the trial court for further proceedings.

In its second issue, the State argues that the trial court abused its discretion when it granted Stone's motion to suppress solely on the basis that the State did not appear at the hearing and therefore failed to produce evidence regarding the reasonableness of its arrest. Based on our

review of the record, it is apparent that the trial court's sole basis for granting the motion to suppress was the State's failure to appear for the hearing. At the outset of the hearing, the trial court stated:

> Okay. The record will reflect that it's now about seven minutes after 10:00 this morning. This case was set at 9:30. There were—the State subpoenaed three witnesses. There's no one in the courtroom representing the State. There is no prosecutor in the courtroom. It's been our understanding this morning that there is one prosecutor available for the two County Courts at Law and there are at least four cases set this morning in our two county courts.

The trial court then asked defense counsel to present his case, at which time he asked the court to take judicial notice that no warrant was issued and asked, on the basis that the prosecutor was not present, that Stone's motion to suppress be granted. The defense made no further argument and submitted no evidence. The trial court then granted the motion without further explaining its reasoning, and the hearing concluded.

The State filed a motion for reconsideration of the trial court's ruling. The State attached affidavits to the motion, indicating that the prosecutor was in the courtroom at the time the hearing was scheduled and, when the hearing did not begin at that time, visited with the trial court's staff about the fact that he had other hearings scheduled in the other county court at law in the same building. The prosecutor informed the court's staff and defense counsel that he was present, but that he may be in the other county court at law in the same building, and that the testifying officer was present in the hallway and ready to testify. He also requested that he be reached in the other courtroom when the trial court was ready to hear the motion to suppress.

The trial court denied the State's motion for reconsideration and specifically found that:

2

> [The prosecutor] never appeared or presented himself before this Court on [the date of the hearing]; no other prosecutor appeared in County Court at Law No. 2; it was physically impossible for [the prosecutor] to appear in two courtrooms at the same time with four cases set for pre-trial and [the prosecutor] was in hearings before the Honorable Judge Updegrove all morning on [the date of the hearing]; it is not the function of the County Court at Law staff to search for prosecutors to appear in cases set on the Court's docket, and if a bailiff or court staff had attempted to contact [the prosecutor], he was busy in hearings in County Court at Law No. 1; the failure of the State to appear before this Court, or to make arrangements for other personnel to appear, because 'misdemeanor prosecutors were presenting in other courts' shows a lack of respect for this tribunal and an unfounded expectation that this Court operates at the convenience of the attorneys appearing before it.

It is apparent from these findings and from the statements made by the trial court at the suppression hearing that the sole basis for granting the motion to suppress was the prosecutor's failure to appear when the case was called for hearing.

Although we are sympathetic to the trial court's view that the prosecutor demonstrated a lack of respect for the tribunal by not being present in the courtroom at the time this case was called for hearing,[1] we note that this is not a case in which the prosecutor simply did not show up. It is apparent from the trial court's comments at the hearing, the prosecutor's affidavit on rehearing, and the trial court's findings in denying the State's motion for reconsideration that the trial court knew the prosecutor had come to the court at the scheduled time for the hearing and

---

[1] The State invited this situation by making one prosecutor available for four hearings in separate courtrooms. The hearing in Stone's case was set for an hour and presumably warranted sufficient attention that the State would not have risked having the prosecutor be absent when the case was called. Nothing in this opinion should be read to suggest that it was the duty of the trial court or its staff to search for a prosecutor in the courthouse; ultimately, it is the responsibility of the prosecutor to be present and to represent the State's interests when the case is called. Nevertheless, there are other means for the trial court to address such a problem short of granting a motion that may be fatal to a criminal case based solely on the absence of a prosecutor.

3

inquired about the hearing; had let court staff know of an unusual situation involving multiple hearings in adjoining courts in the same building for the same prosecutor; had the arresting officer in the hallway prepared to testify in support of the State's position; had notified defense counsel of the problem; and had requested that he be notified when the court was ready to begin the hearing. Under these very specific circumstances—and given the trial court's apparent knowledge of the situation—we conclude that it was an abuse of discretion for the trial court to grant the motion to suppress on the sole basis that the prosecutor was not present in the courtroom when Stone's case was called.

Stone argues to the contrary on the basis of this Court's decision in *State v. Miller*, 116 S.W.3d 912, 915 (Tex. App.—Austin 2003, no pet.), in which we held that a trial court may grant a motion to dismiss without hearing evidence and that the court of appeals cannot treat the absence of testimony as determinative. There, the State moved for a continuance because the arresting officer failed to appear, despite having been served with a subpoena. The trial court denied the motion for continuance and granted the defendant's motion to suppress due to a lack of evidence from the State. We affirmed. *Id.*

This case is distinguishable from *Miller*. This is not a case in which the prosecutor was there and, for whatever reason, the State had no evidence in support of its position. In that situation, the trial court is free to grant the motion to suppress on the basis that the State failed to meet its burden of proving an applicable exception to the Fourth Amendment warrant requirement, as we held in *Miller*. *Id.* Here, the prosecutor checked in with the trial court, and the trial court knew the prosecutor intended not only to go forward with the hearing, but that the prosecutor

4

also had present a live witness—the arresting officer—to offer evidence in support of the State's position. Under these circumstances, we cannot say that the State failed to carry its burden; we do not know from this record whether it would have carried its burden based on evidence from a witness who was available and present in the hallway outside the courtroom. The trial court granted the motion to suppress solely because of the State's failure to appear. In effect, the trial court did not consider the merits of the motion at all, but decided the issue based on a perceived procedural slight. Under the specific circumstances of this case, that decision was an abuse of discretion. We sustain the State's second issue.

## CONCLUSION

Having sustained the State's second issue, we need not reach the State's first issue. We reverse the trial court's order and remand this case to the trial court for reconsideration of Stone's motion to suppress.

_____

Scott K. Field, Justice

Before Justices Pemberton, Field, and Bourland

Reversed and Remanded

Filed: April 15, 2015

Do Not Publish

5