# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00793-CR

**Johnny Joe Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY
### NO. C-1-CR-15-212119, HONORABLE BRANDY MUELLER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State charged appellant Johnny Joe Hernandez with the misdemeanor offense of driving while intoxicated, enhanced by a prior DWI conviction. *See* Tex. Penal Code §§ 49.04(a); 49.09(a). Hernandez moved to suppress the results of the blood draw taken the night of his arrest. The trial court denied Hernandez's motion to suppress. Following the trial court's ruling, Hernandez entered a plea of no contest. The trial court sentenced Hernandez to one year in jail and a $4,000 fine, but the sentence was suspended and Hernandez was placed on community supervision for two years. *See id*. § 12.43(a). Hernandez appeals the denial of the motion to suppress. *See* Tex. Code Crim. Proc. art. 44.02. We will affirm the trial court's judgment of conviction.

## BACKGROUND[1]

In August of 2015, Officer Manuel Delgado-Eberhardt received a call that the driver of a Jeep with flat tires appeared to be intoxicated. Upon locating the described Jeep, Officer Delgado-Eberhardt identified the driver of the Jeep as appellant Johnny Joe Hernandez. Officer Delgado-Eberhardt noticed that Hernandez was displaying signs of intoxication. Hernandez refused to take standardized field sobriety tests. Officer Delgado-Eberhardt arrested Hernandez for DWI. Hernandez refused to give a sample of breath or blood to test for intoxication. Police obtained a search warrant for a blood draw, which commanded that Hernandez be taken to "a physician, registered nurse, licensed vocational nurse, licensed clinical laboratory technologist; or an individual who is trained to properly collect blood from the human body." The warrant further commanded that "the said physician, registered nurse, licensed vocational nurse, [or] licensed clinical laboratory technologist" collect samples of Hernandez's blood. Hernandez was brought to John Donohoe, an Emergency Medical Technician-Paramedic (EMT) licensed by the Texas Department of State Health Services. Donohoe collected a blood sample from Hernandez as part of a cooperative program between the Austin Travis County Emergency Medical Services (ATCEMS) and the Austin Police Department (APD). The blood draw was conducted at the Travis County Sheriff's Office. Donohoe's affidavit states that the blood draw was done "using reliable procedures as recognized by the scientific community in the State of Texas and in a sanitary place as required by the Transportation Code."

---

[1] The facts recited in this opinion are taken from the evidence admitted at the motion to suppress hearing.

Hernandez filed a motion to suppress the results of the blood draw, and the trial court denied the motion. Hernandez later pleaded no contest and was convicted, and this appeal followed.

**STANDARD OF REVIEW AND APPLICABLE LAW**

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Arguellez v. State*, 409 S.W.3d 657, 662 (Tex. Crim. App. 2013); *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). Appellate courts view the record in the "light most favorable to the trial court's conclusion and reverse the judgment only if it is outside the zone of reasonable disagreement." *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). Furthermore, appellate courts apply "a bifurcated standard, giving almost total deference to the historical facts found by the trial court and analyzing de novo the trial court's application of the law." *State v. Cuong Phu Le*, 463 S.W.3d 872, 876 (Tex. Crim. App. 2015). Appellate courts must infer the necessary factual findings that support the trial court's ruling in the event that the trial court does not make explicit findings of fact. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). When considering a motion to suppress, the trial court may "determine the merits of said motion on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the court." Tex. Code Crim. Proc. art. 28.01, § 1(6); *see also State v. Miller*, 116 S.W.3d 912, 915 (Tex. App.—Austin 2003, no pet.).

The United States Supreme Court has determined that a blood draw qualifies as a search and seizure under the Fourth Amendment. *Schmerber v. California*, 384 U.S. 757, 767 (1966). The "touchstone" of the Fourth Amendment is reasonableness, and reasonableness is measured "in objective terms by examining the totality of the circumstances." *Ohio v. Robinette*, 519 U.S. 33, 39

(1996). "A blood draw is reasonable under governing Fourth Amendment requirements if the police had a justification for requiring the blood sample to be taken and if reasonable means and procedures were used in obtaining the blood sample." *State v. Gray*, No. 03-17-00174-CR, 2017 WL 2729672, at *2 (Tex. App.—Austin June 22, 2017, no pet.) (mem. op., not designated for publication) (citing *State v. Johnston*, 336 S.W.3d 649, 658 (Tex. Crim. App. 2011)).

Hernandez does not contend that the chosen test of a blood draw was unreasonable, but rather that the test was not performed in a reasonable manner. "Searches justified by a valid warrant have a presumption of legality unless the opponent produces evidence rebutting the presumption of proper police conduct," *Pacheco v. State*, 347 S.W.3d 849, 855 (Tex. App.—Fort Worth 2011, no pet.), and "the reasonableness of the manner in which a DWI suspect's blood is drawn should be assayed on an objective, case-by-case basis in light of the totality of the circumstances surrounding the draw" regardless of whether "a blood draw is conducted pursuant to a warrant or not." *Johnston*, 336 S.W.3d at 661; *see Gray*, 2017 WL 2729672, at *2. When a warrant for a blood draw is obtained, it is not per se unreasonable that the blood draw is taken in a different manner than was specified by the warrant. *See id.*; *Walters v. State*, No. 02-11-00474-CR, 2013 WL 1149306, at *3 (Tex. App.—Fort Worth Mar. 21, 2013, no pet.) (mem. op., not designated for publication); *Coleman v. State*, 833 S.W.2d 286, 290 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd). Rather, "in reviewing the execution of a warrant, the manner in which that warrant was executed is subject to judicial review for a determination of reasonableness." *Coleman*, 833 S.W.2d at 290 (citing *Dalia v. United States*, 441 U.S. 238, 258 (1979)).

4

**DISCUSSION**

Hernandez contends that the trial court abused its discretion by denying his motion to suppress. Hernandez argues that Donohoe, an EMT, was outside of the list of professionals authorized by the warrant to perform the blood draw, and that the trial court heard no testimony pertaining to the qualifications of Donohoe to perform the blood draw. This Court has confronted a similar issue under nearly identical facts. *See Gray*, 2017 WL 2729672. In *Gray*, an EMT, who was outside the list of professionals mandated by the warrant, performed a blood draw. *Id.* at *1. On appeal, this Court stated that the outcome of the case depended on whether the blood draw was reasonable, not on whether the EMT was specifically listed as authorized to perform the blood draw. *Id.* at *5.[2] The Court concluded that the blood draw in *Gray* was reasonable because the blood draw was taken according to accepted medical practices and also adhered to the Texas Transportation Code. *Id.* at *6.

In the present case, Hernandez argues that Donohoe did not testify concerning his qualifications and that therefore the trial court should have granted the motion to suppress.[3] We disagree. The trial court has the discretion to determine motions to suppress based on "the

---

[2] This Court also noted that the EMT in question technically complied with the warrant as "an individual who is trained to properly collect blood from the human body." *State v. Gray*, No. 03-17-00174-CR, 2017 WL 2729672, at *5 (Tex. App.—Austin June 22, 2017, no pet.) (mem. op., not designed for publication). The warrant in question in this case contains identical language, and the evidence supports that Donohoe was also qualified.

[3] Hernandez also attempts to distinguish this case from *Gray* by pointing out that the record in *Gray* contained lengthy testimony detailing the qualifications of the EMT and the number of blood draws the EMT had previously performed. The absence of testimony concerning the number of blood draws the EMT in this case had previously performed is not fatal under the reasonableness standard, as we explain in this opinion.

5

motions themselves, or upon opposing affidavits . . . subject to the discretion of the Court." Tex. Code Crim. Proc. art. 28.01, § 1(6). Donohoe's affidavit, which was before the trial court, states that the blood draw was performed in a sanitary place using reliable scientific procedures. Under the Transportation Code, an EMT is qualified to perform a blood draw when the EMT is licensed and when the EMT has been authorized by the medical director. Tex. Transp. Code § 724.017(a)(5), (c).[4] The exhibits in evidence also show that Donohoe is a certified EMT under the Texas Department of State Health Services and that Donohoe was authorized to perform the blood draw as part of a cooperative program between the APD and the ATCEMS. Donohoe was therefore qualified to perform the blood draw.

Viewing the record before us in the "light most favorable to the trial court's conclusion," *see Dixon*, 206 S.W.3d at 590, and considering the totality of the circumstances, we conclude that the trial court did not abuse its discretion by determining the blood draw was reasonable and denying the motion to suppress.

## CONCLUSION

We affirm the trial court's judgment of conviction.

---

[4] One way to show that the blood draw is reasonable is to show that the blood draw was done in adherence to the Transportation Code. *State v. Johnston*, 336 S.W.3d 649, 661 (Tex. Crim. App. 2011).

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   July 11, 2018

Do Not Publish