

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GUILLERMO ARTURO SALAS, | § | No. 08-22-00154-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 1 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20200C07457) |

## MEMORANDUM OPINION

Following the denial of his motion to suppress evidence, Appellant Guillermo Arturo Salas pleaded guilty to driving while intoxicated (DWI) with a blood-alcohol concentration (BAC) of greater than or equal to 0.15. Appellant challenges his conviction in one issue, arguing that the trial court abused its discretion by denying his motion to suppress. For the following reasons, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual background[1]

On September 3, 2020, El Paso Police Department (EPPD) Officer Tory Bradford was traveling on a public street in El Paso when she observed a vehicle traveling eastbound in the

---

[1] The facts recounted here are derived from the complaint affidavit admitted during the hearing on Appellant's motion to suppress.

westbound lane. Bradford conducted a traffic stop and made contact with the driver of the vehicle, who was later identified as Appellant. When speaking to Appellant, Bradford smelled alcohol on his breath and noticed his speech was slurred. Bradford asked Appellant where he was driving and whether he had consumed any alcohol, to which he replied he was "heading home from a friends [sic] house" and had consumed "2 Dos Equis." Bradford ordered Appellant to leave his vehicle and had him sit on the curb.

EPPD Officer Edwin Montoya subsequently arrived on scene and noticed Appellant had "glossy eyes, slurred speech and an odor of an unknown alcoholic beverage emitting from his person and breath." Montoya asked Appellant if he had had anything to drink. Appellant denied drinking and stated that only his friends had consumed alcohol. Appellant agreed with Montoya's request to perform standardized field sobriety tests (SFSTs), whereupon Appellant demonstrated the following clues of intoxication: (1) six out of a possible six clues on the horizontal-gaze-nystagmus (HGN) test; (2) eight out of a possible eight clues on the walk-and-turn test; and (3) two out of a possible four clues on the one-leg-stand test. Appellant was arrested for driving while intoxicated and consented to provide a breath sample. Subsequent testing of Appellant's breath yielded BAC results of 0.191 and 0.186. Montoya also discovered that Appellant had a 2017 DWI conviction.

### B. Procedural history

The State of Texas charged Appellant by information with DWI with a BAC of greater than or equal to 0.15. Appellant then filed a motion to suppress the evidence associated with the DWI investigation, arguing that the warrant for arrest and probable-cause affidavit both lacked a magistrate's signature as required by Article 15.02 of the Texas Code of Criminal Procedure. At the hearing on the motion, the State introduced the information, complaint signed by an assistant

2

district attorney, Montoya's complaint affidavit, and a signed magistrate warning into evidence. The State did not present witness testimony in opposition to the motion.

The trial court denied the motion by written order. Appellant filed a motion to reconsider the court's ruling, and following another hearing, the court denied that motion as well. Appellant subsequently pleaded guilty to the charged offense and received one year of incarceration, probated for twelve months, and was placed on community supervision. The trial court also assessed a $750 fine and various terms and conditions of community supervision. This appeal followed.

## II. DISCUSSION

Appellant challenges his conviction in one issue, arguing that the trial court abused its discretion by denying his motion to suppress because (1) the complaint affidavit was "fatally defective because it lacked the magistrate's signature, date, oath or affirmation," and (2) the State failed to establish reasonable suspicion to support the traffic stop of Appellant or probable cause to support his arrest.

### A. Standard of review

Appellate courts review a trial court's ruling on a motion to suppress under a bifurcated standard. *State v. Arellano*, 600 S.W.3d 53, 57 (Tex. Crim. App. 2020). A trial court's findings of historical fact and determinations of mixed questions of law and fact that turn on credibility and demeanor are afforded almost total deference if reasonably supported by the record. *See Sims v. State*, 569 S.W.3d 634, 640 (Tex. Crim. App. 2019). Nonetheless, "[w]e review *de novo* a trial court's determination of legal questions and its application of the law to facts that do not turn upon a determination of witness credibility and demeanor." *Arellano*, 600 S.W.3d at 57.

3

When, as here, the trial court does not enter findings of fact and conclusions of law associated with its motion-to-suppress ruling, we infer the necessary fact-findings that support the trial court's ruling if the evidence in the record (viewed in the light most favorable to the ruling) supports those implied factual findings. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). Thus, the prevailing party "is afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *Id.* We may affirm a trial court's ruling on a motion to suppress if it is correct on any theory of law applicable to the case and it is supported by the record, even if that theory was not raised by the prevailing party in the trial court. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007); *see Alford v. State*, 400 S.W.3d 924, 928 (Tex. Crim. App. 2013) (recognizing that the procedural-default rules in Article 33.1(a) of the Texas Rules of Appellate Procedure do not apply to the prevailing party regarding a motion to suppress).

### B. Sufficiency of complaint affidavit

Appellant argues that the complaint affidavit was not supported by probable cause because "the Magistrate failed to have a Peace Officer to swear, under oath, to that Affidavit, as well as[] failed to sign and date that Affidavit, as required under the statutes." Appellant seems to rely on Articles 15.01, 15.02, 15.03, and 18.04(5) of the Texas Code of Criminal Procedure to argue that any warrant for Appellant's arrest was defective due to the lack of a magistrate's signature on the complaint affidavit.

While Appellant relies on statutes and authority that only apply in situations where there was an arrest or search pursuant to a warrant[2], the record indicates that Appellant was subjected to

---

[2] Appellant uses *Wheeler v. State* and *Dunn v. State* to argue that because there was no probable-cause determination or magistrate judge's signature on the complaint affidavit, the complaint affidavit itself is defective and should have been suppressed. However, those cases are inapposite because they involved an arrest or search warrant that lacked an officer's or magistrate's proper signatures, and no such arrest or search warrant is at issue in this case. *See Wheeler v. State*, 616 S.W.3d 858, 861 (Tex. Crim. App. 2021) (suppression issue concerned lack of an officer's sworn oath

4

a warrantless arrest and none of the evidence from this case was derived from the execution of a search warrant. *See* TEX. CODE CRIM. PROC. ANN. arts. 15.01–.03; 18.04. The requirements associated with a magistrate's signature in the statutes Appellant relies on are therefore inapplicable here.

Moreover, to the extent Appellant argues that the complaint affidavit at issue does not meet the statutory requirements under the Code of Criminal Procedure, we also reject that argument. A complaint must comport with Texas Code of Criminal Procedure Article 15.05 requirements:

1. It must state the name of the accused, if known, and if not known, must give some reasonably definite description of him.

2. It must show that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense.

3. It must state the time and place of the commission of the offense, as definitely as can be done by the affiant.

4. It must be signed by the affiant by writing his name or affixing his mark.

TEX. CODE CRIM. PROC. ANN. art. 15.05. Here, the complaint contains Appellant's name; alleges a violation of Texas law by stating that Appellant committed the criminal offense of DWI with a BAC greater than or equal to 0.15[3]; states that the offense occurred at "0204 hours" at 2000 Gateway East in the City and County of El Paso, Texas; includes an affidavit containing all of the aforementioned information signed by Montoya with his name printed underneath and notarized; and was made before an assistant district attorney in accordance with Texas Code of Criminal

---

before a magistrate in support of a search warrant); *Dunn v. State*, 951 S.W.2d 478, 479 (Tex. Crim. App. 1997) (suppression issue concerned lack of a magistrate's signature on an arrest warrant). In addition, the complaint affidavit itself is not illegally obtained evidence subject to suppression under the exclusionary rule set forth in Article 38.23 of the Texas Code of Criminal Procedure because the complaint affidavit standing alone does not constitute an infringement of Appellant's privacy rights or property interests. *See Miles v. State*, 241 S.W.3d 28, 36 n.33 (Tex. Crim. App. 2007) ("Only those acts which violate a person's privacy rights or property interests are subject to the state or federal exclusionary rule.").

[3] *See* TEX. PENAL CODE ANN. § 49.04(a), (d).

Procedure Article 15.04. Thus, the complaint and associated complaint affidavit comply with the statutory requirements, and Appellant's argument on that basis must fail. *See id.*

### C.   Reasonable suspicion and probable cause

Appellant next argues that the trial court abused its discretion by denying his motion to suppress because the officers lacked reasonable suspicion to stop him and probable cause to arrest him. We consider each ground separately.

### (1)   *Appellant did not preserve his complaint regarding reasonable suspicion*

Appellant argues that Bradford lacked reasonable suspicion to effectuate the traffic stop or investigative detention of Appellant. The State responds that because Appellant did not raise this basis for suppression in the trial court, he has not preserved this issue for our review and it is waived.

To preserve an issue for appellate review, an appellant has the burden to make a timely and specific objection in the trial court. TEX. R. APP. P. 33.1(a); *see Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020) (noting that the appealing party has the burden to bring forth a record showing that error was preserved). "In making the objection, terms of legal art are not required, but a litigant should at least 'let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.'" *Ortiz v. State*, No. 08-15-00344-CR, 2017 WL 3667829, at *4 (Tex. App.—El Paso Aug. 25, 2017, pet. ref'd) (not designated for publication) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). This requirement applies to appellate complaints regarding specific bases for suppressing evidence raised in a motion to suppress. *See Urquhart v. State*, 128 S.W.3d 701, 704 (Tex. App.—El Paso 2003, pet. ref'd) (applying the error-preservation rule in Article 33.1(a) of the Texas Rules of Appellate Procedure to specific grounds asserted in a motion to suppress).

6

Here, Appellant's written motion to suppress complained about the issue regarding the lack of the magistrate's signature addressed above, but the motion did not contain a specific complaint regarding Bradford's lack of reasonable suspicion to conduct the traffic stop. Neither did Appellant raise the reasonable-suspicion argument during the hearing on the motion to suppress or the hearing on the motion to reconsider. Because Appellant did not raise this argument in the proceedings below, we hold that Appellant has not preserved this specific argument for our review.[4] *See* TEX. R. APP. P. 33.1(a); *Urquhart*, 128 S.W.3d at 704 (defendant failed to preserve his arguments regarding specific grounds for suppressing evidence where he did not raise those grounds in his written motion or during a hearing on his motion to suppress).

### (2) *Appellant's warrantless arrest was supported by probable cause*

Appellant also argues that the officers lacked probable cause to arrest him without a warrant and that the evidence associated with his illegal arrest should have been suppressed. An officer may conduct a warrantless arrest "only if probable cause exists with respect to the individual in question and the arrest falls within one of the exceptions set out in TEX. CODE CRIM. PROC. art. 14.01–14.04." *Torres v. State*, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005). "[P]robable cause for a warrantless arrest exists when facts and circumstances within the officer's knowledge *and* about which he or she has reasonably trustworthy information are sufficient to warrant a person of

---

[4] Even if Appellant had preserved his reasonable-suspicion argument, we would nonetheless find that argument to be without merit. To establish reasonable suspicion justifying a traffic stop, the State must show, based on the totality of the circumstances, that the officer has specific, articulable facts that when combined with rational inferences from those facts, he could reasonably conclude that the person is, has been, or soon will be engaged in criminal activity. *Al-Hanna v. State*, No. 08-17-00037-CR, 2019 WL 156779, at *3 (Tex. App.—El Paso Jan. 10, 2019, no pet.) (not designated for publication). Whether an officer has reasonable suspicion is an objective standard that disregards the subjective intent of the officer. *Id.* According to the uncontroverted evidence within Montoya's complaint affidavit, Bradford stopped Appellant at approximately 2:00 a.m. after she saw him driving eastbound in the westbound lane in an "unsafe" manner. We agree with the State that the trial court could have reasonably concluded that Bradford had reasonable suspicion Appellant had committed a traffic violation or was driving while intoxicated. *See* TEX. TRANSP. CODE ANN. § 545.051(a) (a motorist is required to drive on the right side of the roadway); *Curtis v. State*, 238 S.W.3d 376, 379-80 (Tex. Crim. App. 2007) (officer's observation of driver's erratic driving given the totality of the circumstances rationally supported an inference that the driver was intoxicated and constituted reasonable suspicion to justify a traffic stop).

reasonable caution to believe that an offense was or is being committed." *Id.* We determine the existence of probable cause by considering the totality of the circumstances based on the collective knowledge of all officers when viewed from an objective standpoint, and we disregard the subjective beliefs of the arresting officers. *State v. Duran*, 396 S.W.3d 563, 569 (Tex. Crim. App. 2013); *Derichsweiler v. State*, 348 S.W.3d 906, 914–15 (Tex. Crim. App. 2011).

Under one of the statutory exceptions justifying a warrantless arrest, an officer may make a warrantless arrest if the suspect is found in a "suspicious place" and under circumstances that reasonably show the suspect is guilty of a "breach of the peace." TEX. CODE CRIM. PROC. ANN. art. 14.03(a)(1). Courts have determined places to be "suspicious" based on the facts and circumstances of the case and reasonable inferences therefrom, and a DWI suspect present near a motor vehicle in a public place is considered to be in a suspicious place. *See State v. Morales*, No. 08-09-00137-CR, 2010 WL 819126, at *3 (Tex. App.—El Paso Mar. 10, 2010, no pet.) (mem. op., not designated for publication) (DWI suspect found sitting on a motorcycle in the middle of the road was in a suspicious place under Article 14.03(a)(1)). And courts have also recognized DWI as an offense constituting a breach of the peace under Article 14.03(a)(1). *See Gallups v. State*, 151 S.W.3d 196, 201 (Tex. Crim. App. 2004); *Sandoval v. State*, 35 S.W.3d 763, 768 (Tex. App.— El Paso 2000, pet. ref'd). Because the officers stopped Appellant while he was driving his vehicle on a public road and arrested him for DWI following their investigation, we conclude that Article 14.03(a)(1) provided a valid basis for the warrantless arrest.

As for the existence of probable cause, it is uncontroverted that Bradford observed Appellant driving on the wrong side of the public road at approximately 2:00 a.m. *See* TEX. TRANSP. CODE ANN. § 545.051(a) (a motorist is required to drive on the right side of the roadway). After conducting a traffic stop and making contact with Appellant, Bradford detected the odor of alcohol coming from his breath and noticed that his speech was slurred. Appellant initially

8

admitted to consuming two beers, but he later denied drinking after Montoya arrived at the scene and asked him the same question. Montoya smelled alcohol on Appellant's breath and person, and he noticed that Appellant had "glossy eyes" and slurred speech. Appellant subsequently agreed to perform SFSTs and in those tests exhibited many clues of intoxication: six out of six possible clues on the HGN test; eight out of eight possible clues on the walk-and-turn test; and two out of four clues on the one-leg-stand test. Montoya subsequently arrested Appellant for DWI.

Given the officers' collective knowledge of Appellant driving on the wrong side of the road, the time of night/early morning Appellant was driving, Appellant's admission that he had consumed alcohol that night, Appellant's physical signs of intoxication, and Appellant's poor performance on the SFSTs, we find that based on the totality of the circumstances, the officers had sufficient probable cause to believe Appellant had committed DWI and that his arrest was valid under Article 14.03(a)(1). *See Amador v. State*, 275 S.W.3d 872, 879 (Tex. Crim. App. 2009) (suspect's violation of traffic law and poor performance on SFSTs weigh in favor of a finding of probable cause to arrest for DWI); *Al-Hanna v. State*, No. 08-17-00037-CR, 2019 WL 156779, at *7 (Tex. App.—El Paso Jan. 10, 2019, no pet.) (not designated for publication) (odor of alcohol emanating from a suspect's person, bloodshot eyes, and slurred speech are "classic signs that a person's mental and physical faculties might be impaired" and relevant evidence to support a finding of probable cause to arrest for DWI).

Appellant also argues that the State failed its burden to establish that his arrest was supported by probable cause because the State did not present the officers' testimony to establish probable cause to arrest Appellant. However, the State is not required to present witness testimony during a suppression hearing and may meet its burden to prove the reasonableness of a search or seizure through the admission of other types of evidence, including a complaint affidavit. *See* TEX. CODE CRIM. PROC. ANN. art. 28.01(1)(6) (allowing a trial court to hold a hearing and decide a

motion to suppress based "on the motions themselves, *or* upon opposing affidavits, *or* upon oral testimony, subject to the discretion of the court.") (emphasis added); *State v. Miller*, 116 S.W.3d 912, 915 (Tex. App.—Austin 2003, no pet.) (Under Article 28.01 section 1(6), "if a trial court chooses to determine a pretrial motion without hearing testimony, a court of appeals may not treat the absence of testimony as being determinative on appeal."). Here, the State did not call witnesses but did provide the complaint, including the affidavit to oppose the motion to suppress. The trial court ruled on the motion without receiving witness testimony. We hold that the trial court was within its discretion to do so and that the absence of testimony from State's witnesses does not invalidate the trial court's ruling on the motion.

We overrule Appellant's sole issue in its entirety.

## III. CONCLUSION

We affirm the judgment supporting Appellant's conviction.


LISA J. SOTO, Justice

June 29, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)